JOHN ROCKWELL v. ERIE RAILROAD COMPANY ET AL.

Decided April 11, 1925.

Malicious Prosecution—Arrest of Plaintiff by Railroad Police-man—Plaintiff, a Common Trespasser on Railroad Property, was Arrested on Charge of Disorderly Conduct—Judgment Against Both Railroad Company and Policeman—Railroad Appeals on Ground of No Proof of Connection of Company With Arrest—Proof That Policeman's Superior Officer Police-man Ordered the Arrest Not Sufficient to Make the Company Responsible.

On appeal from the Hudson Circuit Court.

Before GUMMERE. CHIEF JUSTICE, and Justices PARKER and KATZENBACH.

For the appellants, *Edward A. Markley* and *John E. Selser*.

For the respondent, *Alexander Simpson*.

PER CURIAM.

This action was brought by the plaintiff against the Erie Railroad Company and one Mulligan, a state railroad police-man, appointed by the governor at the request of the com-

pany, and receiving compensation from it. The suit was for malicious prosecution, the basis of the charge being that the plaintiff was arrested in the yard of the railroad company by Mulligan without legal authority and without good cause, and was taken before a magistrate to be tried on a charge of disorderly conduct, whereas, in fact, he was a mere nominal trespasser upon the property of the railroad company. The trial resulted in a verdict in favor of the plaintiff against both defendants, and from the judgment entered thereon the railroad company appeals.

In order to hold a railroad company responsible for a malicious prosecution such as was shown to exist in the present case, the burden rested upon the plaintiff to show that the state policeman, in making the arrest and lodging the complaint against the plaintiff, was acting under the instructions of the corporation, either expressed or implied. Our examination of the proofs fail to show the existence of this fundamental act. An attempt was made on the part of the plaintiff to prove the giving of such instruction by evidence that Mulligan made the arrest in compliance with an order received from his superior officer, one Captain Klein, who, like himself, was a member of the state railroad police force. The evidence submitted, however, failed to prove the giving of any such instruction to Mulligan by Klein, either directly or through any subordinate member of the railroad police force authorized to speak for him. Moreover, proof of the giving of such instruction to Mulligan by his superior officer, without more, would not have sufficed to impose liability upon the railroad company for the unlawful arrest and subsequent prosecution of the plaintiff, for the reason that the case was barren of any evidence which would support the conclusion that Klein, in giving such an instruction (if we assume that it was given), was acting under authority conferred upon him for that purpose by the company. *Tucker* v. *Erie Railroad Co.*, 69 *N. J. L.* 19; *Taylor* v. *New York and Long Branch Railroad Co.*, 80 *Id.* 282.

For the reason indicated, the judgment under review will be reversed.