ROBERT STURLA, JOHN MILLER AND CHARLES REIFF, PLAINTIFFS-RESPONDENTS, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY, DEFENDANT-APPELLANT.

Submitted November 5, 1925—Decided March 18, 1926.

**Malicious Prosecution—Alleged Unlawful Interference With Railroad Train Emergency Stop Cord—Judge's Charge Examined and No Error Found.**

On appeal from the Monmouth County Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the appellant, *Devoe Tomlinson* and *George Holmes*.

For the respondents, *William Hartshorne*.

PER CURIAM.

The action is for malicious prosecution, and each of the three plaintiffs recovered verdicts of $300. From the judg-

ment entered upon such verdict this appeal is taken. They were arrested by a railway policeman in the employ of the appellant on a charge of unlawfully pulling the emergency stop cord on a train on which they were riding from Freehold to Matawan. They were locked up for some hours, then taken to the mayor's court in Keyport, where a hearing was had upon the charge, which hearing resulted in a discharge of the plaintiffs-respondents. The proofs show that Robinson, the member of the railway police who made the charge against respondents, had been notified by the train despatcher of the appellant at Long Branch that this whistle cord on a particular train had been interfered with and was directed to make an investigation; that Robinson proceeded to make an investigation, and, as a result, made the complaint against the respondents. The proofs further show that at the hearing certain employes of the appellant appeared as witnesses, and an attorney of appellant also was present, apparently, for the purpose of conducting the prosecution.

The first ground urged for reversal is that the trial court erred in refusing to direct a verdict in favor of appellant. This motion was based upon the ground that Robinson, who made the complaint, had his commission as a police officer from the state under section 4 (*Comp. Stat., p.* 369), and was responsible for his acts to the state, and that no liability for his acts was imputable to appellant.

We find the proofs such, however, that a jury question was raised as to whether Robinson's acts were instigated by the appellant company or by some of its officers and employes, likewise as to the acts of those employes who attended the trial as witnesses and that of the attorney of appellant who attended the hearing and prosecuted the complaint. *Tucker* v. *Erie Railway Co.,* 69 *N. J. L.* 19; *Goldberg* v. *Central Railroad Co.,* 97 *Id.* 374; *Rockwell* v. *Erie Railroad Co.,* 3 *N. J. Mis. R.* 373.

The remaining ground urged for reversal is alleged error in the charge of the trial court as contained in the following excerpts:

"(a) The question arises whether the request for an investigation by the train despatcher, and the appearance of Mr. Brown at the hearing would justify the jury in finding as a fact that agents and employes of the company instigated and forwarded this prosecution. If your answer is in the affirmative, then I charge you, you would have a right to consider the question of damages, but not otherwise.

"(b) It is said that Mr. Brown was in the employment of the railroad company in some capacity—as legislative agent, for example, or as a representative of the company on what is known as a committee of safety, which you have heard designated and described to you by counsel of the defendant company as a witness. That at the hearing the crew of the train, upon which the occurrence in question is said to have been, appeared. Now, you can find from the evidence in what capacity he appeared. Did he appear to prosecute the plaintiffs? That would be the natural inquiry that would arise from the admission of the fact that he did appear. Did he appear for the company in an unsuccessful prosecution of the proceeding, maliciously instituted and without probable cause?

"(c) It appears that these men were arrested, deprived of their liberty in such a way as to be physically restrained for some hours, until bail was procured, conditioned for their appearance at a subsequent hearing of the complaint, and, in fact, they did subsequently appear and the hearing was held, at which the persons were present as indicated to you before. These persons referred to were either employed by the railroad company as trainmen or as agents, as in the case of Mr. Brown.

"(d) Should you decide that this prosecution was malicious and without probable cause, bearing in mind that the act of Robinson, in view of the law, cannot be charged to the defendant company, so far as his participation is concerned, and that the railroad company can only be held in the event that you find its agents or employes instigated the prosecution, and that their appearance at the hearing was in evidence, it is only with such evidence that you can pass upon the question of damages."

19

We find no error therein, particularly when the charge as a whole is read and considered.

· The instructions contained therein are in line with the law as expressed in the cases referred to under the first ground of appeal.

The judgment below is affirmed, with costs.