STEPHEN MACKNOWSKI, BY HIS NEXT FRIEND, EVA MACKNOWSKI, PLAINTIFF-APPELLANT, v. HUDSON AND MANHATTAN RAILROAD COMPANY, A CORPORATION, DEFENDANT-RESPONDENT.

Argued May 5, 1936—Decided October 2, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-appellant, *Alexander Simpson*.

For the defendant-respondent, *Collins & Corbin* (*Edward A. Markley*).

PER CURIAM.

The action is for damages growing out of personal injuries. The trial court directed a verdict for the defendant, and plaintiff appeals.

It is undisputed that the plaintiff, a lad of twelve years, and four of his mates, three of whom had evaded the fare boxes by climbing out of a stairway window and along an outside ledge to a lower level, were skylarking on the station premises of the defendant corporation at Journal Square in the city of Jersey City, and that August Itschner, a railroad policeman commissioned by the governor of the state under section 4, chapter 177 (*Pamph. L.* 1904; 1 *Comp. Stat., p.* 369), in the employ of, and compensated by, the defendant, started towards the boys to break up the play. Against forceful contradictory testimony it was also testified, and the jury could have found, that the officer, in pursuit of the boys, threw a club at them and that the plaintiff, in endeavoring to dodge the missile, fell from the platform to the tracks just

as a train was pulling into the station. It is clear that the plaintiff was fleeing a police officer in uniform and that he did either jump or fall from the platform to the tracks and was injured by the incoming train.

Appellant asserts that the proofs contain two grounds of liability sufficient to take the case to the jury, first, that the officer, admittedly in the employ of the defendant, was, at the time of the accident, engaged in the service of the defendant in a capacity other than that of a policeman, and second, that the defendant, through its agents and servants, was negligent in not stopping the train in season to avoid the accident.

We find no proof of the employment of Itschner in any capacity save that of a commissioned state policeman. The play of the boys in a game of running pursuit on the stairways and station platform was a menace to the safety of those who had occasion to use those semi-public ways in going to and from, and awaiting, the defendant's trains. The serious dangers incident to a mishap or fall caused by inadvertent contact with heedless players are manifested by the accident which befell the plaintiff. To stop such actions was, we think, quite within the authority of the peace officer; that seems also to have been the thought of the boys for it was the sight of the approaching uniform which caused them to attempt escape. If the function which the officer undertook to perform was within his duty as a commissioned railway policeman and was not instigated by the defendant company or some of its officers or employes, the defendant is not responsible for the officer's acts therein; and that is so notwithstanding he receives his compenastion from the company and is subject to be divested of his powers by its act. *Tucker* v. *Erie Railway Co.*, 69 *N. J. L.* 19; 54 *Atl. Rep.* 557; *Goldberg* v. *Central Railroad Co.*, 97 *N. J. L.* 374; 117 *Atl. Rep.* 479. No instigation by the railroad company appears in this case. The officer, on learning of the incident, appears to have acted on his own responsibility. The burden of proving otherwise is upon the plaintiff. *Rockwell* v. *Erie Railroad Co.*, 3 *N. J. Mis. R.* 373; 128 *Atl. Rep.* 482. *Taylor* v. *New York and Long Branch Railroad Co.*, 80 *N. J. L.* 282; 78 *Atl. Rep.*

169; *Dellabello* v. *Central Railroad Co.*, 99 *N. J. L.* 348; 124 *Atl. Rep.* 59, and *Sturla* v. *Central Railroad Company of New Jersey*, 4 *N. J. Mis. R.* 287; 132 *Atl. Rep.* 501; *affirmed*, 103 *N. J. L.* 507; 135 *All. Rep.* 920, cited by the appellant, are not, in our opinion, pertinent.

There is no proof from which negligence in the operation of the train may be inferred.

Our conclusion is, therefore, that the judgment below should be affirmed.