NEW-YORK,
Nov. 18 9.

ALMY
v.
HARRIS.

ALMY *against* HARRIS.

ON *certiorari* from a justice's court.

*Harris* sued *Almy* in the court below, in an action on the case, for disturbing him in the enjoyment of a ferry across the *Cayuga* lake, at the village of *Cayuga*, granted to *Harris*, by the courts of common pleas, for the counties of *Cayuga* and *Seneca*. A judgment for damages was given in favour of *Harris*, on which the *certiorari* was brought to this court. Several errors were assigned; but it will be sufficient to state the opinion of court.

*Sedgwick*, for the plaintiff in error.

*Richardson*, contra.

*Per Curiam.* There is one error which we consider fatal, and for that we think there must be a judgment of reversal. The act to regulates ferries within this state, (20 sess. ch. 64. sec. 1.) prohibits any person, except within the southern district, the counties of *Orange* and *Clinton*, from keeping or using a ferry, for transporting across any river, stream or lake, any person or persons, or any goods or merchandise, for profit or hire, unless licensed in the manner directed by that act, under a penalty of five dollars.

If *Harris* had possessed a right, at the common law, to the exclusive enjoyment of this ferry, then, the statute giving a remedy in the affirmative, without a negative expressed or implied, for a matter authorised by the common law, he might notwithstanding the statute, have his remedy by action at the common law. (1 *Com. Dig. Action on Statute*, (C.) But *Harris* had no exclusive

A person having a right of ferry, granted under the act to regulate ferries within this state, cannot maintain an action on the case, for the disturbance of his right. His only remedy is for the penalty given by the statute.

If a statute gives a remedy in the affirmative, without a negative, express or implied, for a matter which was actionable at the common law, the party may sue at the common law, as well as upon the statute.

NEW-YORK,
Nov. 1809.

right at the common law, nor any right but what he de-rived from the statute. Consequently, he can have no right, since the statute, but those it gives; and his remedy, therefore, must be under the statute, and the penalty only can be recovered.

Judgment reversed.