## STATE v. CHARLES TOWLE.

Justices of the peace, within their respective counties, are authorized to hear and determine finally prosecutions under the act regulating offences of the nature of wicked and malicious mischief, where the punishment by fine may not exceed ten dollars.

COMPLAINT for malicious mischief, brought to this court by appeal from a justice of the peace. It was alleged in the complaint that the defendant, "with force and arms wilfully and maliciously did kill seven chickens and five hens of the complainant, by then and there giving

said chickens and hens a large quantity of poison, the name of which is to the said Janvrin unknown."

The defendant moved to dismiss the complaint.

1.   Because the justice of the peace before whom the respondent was examined assumed full jurisdiction over the offence charged against him in said complaint, and imposed a fine and costs upon him ; when in fact said justice had no such jurisdiction over said offence, but had jurisdiction only so far as to examine the case, and if he found just cause, to order the respondent to appear at a higher court and answer for said offence.

2.   Because this court has no jurisdiction over said offence in this form.

The court overruled the motion and defendant excepted.

Ordered that the case be reserved.

*W. W. Stickney*, for defendant.

*Small*, Solicitor, for State.

NESMITH, J.   This was an appeal from a decision of a justice of the peace, who inflicted a fine and costs upon the respondent, upon the trial of a complaint of one Janvrin, for wilfully and maliciously destroying by poison five hens and seven chickens, the property of complainant. The main question now made is, whether the justice had final jurisdiction over this offence, or whether he should have so far investigated the case as to have found a crime had been committed, and then bound over the accused to a higher tribunal.   Before the passage of the present statute law regulating this subject, offences of this nature were indictable at common law.   *State* v. *Bucknam*, 8 N. H. 203.   In order to convict of the offence of malicious mischief, the jury must be satisfied, that the injury was done, either out of a spirit of wanton cruelty, or of wicked revenge.   4 Black. Com. 244 ; *Com.* v. *Walden*, 3 Cush. 558 ; *Com.* v. *Cox*, 7 Allen, 578.

The 19th section of ch. 229 of the Compiled Statutes, among other things, provides " that if any person shall wilfully and maliciously commit any act, whereby the real and personal estate of another shall be injured, such person shall be punished by imprisonment in the common jail for a term not less than thirty days, nor more than one year, or by fine not exceeding one hundred dollars, or by both of said punishments in the discretion of the court."

The general jurisdiction of justices of the peace in this State in criminal cases, is defined by sec. 1, ch. 222 of the Revised Statutes.   This section provides " that every justice of the peace is authorized to hear and determine prosecutions, and actions of a criminal nature, arising within his county, where the punishment is by fine not exceeding ten dollars."   Under the third section of the last statute it is also provided, " that any justice of the peace may cause to be apprehended and bound over for trial at the higher court, all persons charged with offences beyond his jurisdiction to try."

The aforesaid two sections seem to define clearly the jurisdictional line and duties of the justice of the peace. All crimes committed in the State may in the first instance be examined or investigated by him, and if any are found within the limits of his statute jurisdiction, he may punish the offender by inflicting a fine not exceeding ten dollars; all persons who may have committed offences of a more aggravated nature, are recognized to appear at the higher tribunal.

In prosecutions for assault and battery, a justice of the peace is authorized by the statute to punish by fine not exceeding ten dollars for common assaults; but, if in his opinion the assault be an aggravated one, he may bind over the accused party for trial at the higher court. In cases of larceny, the justice of the peace has the additional duty conferred upon him to find the value of the property stolen. He assesses the fine not exceeding ten dollars upon the offender, and when the property is not restored to the owner, he ascertains its value, and makes his order in relation thereto, as required by the statute. Some other statutes impose express or specific duties upon the justice who tries the cases arising under them.

Our statute, regulating the punishment of acts of wicked and malicious mischief, is of modern origin, and does not expressly designate the tribunal to try the offences committed under it. By the language of the act, it appears to us that it was the intent of the legislature to apportion the penalties according to the aggravation of the several offences committed under it. We cannot believe it to have been the purpose of the law-making power to ordain that the minor offences under this act should be sent, in the first instance, to the grand jury for their investigation, rather than to the justices of the peace in the several counties where they were committed.

It seems to us that the malicious act involved or implied in destroying by poison twelve hens or chickens, may with entire propriety, under the general law regulating the jurisdiction of justices of the peace, be investigated, and finally settled, and punished under the decision of a justice of the peace. It is manifest, that, under the general law, the magistrate could apprehend the respondent and bring him before him; he could hear the evidence, so far as to ascertain whether a crime had been by him committed. Then under his own sense of right, and in the exercise of a sound discretion and his own good judgment, he could well determine whether the respondent, if found guilty, should pay a fine of ten dollars or some sum less than that or be recognized to the higher court.

The magistrate having his bounds assigned to him by the statute, cannot exceed them. The statute prescribes imprisonment, as one kind of penalty, or mode of punishment. The magistrate may not resort to this. The statute then speaks of a fine not exceeding $100. The punishment may be imprisonment or a fine. It may be one or both. The maximum punishment may be one year's imprisonment and a fine of $100; or, it may be part of both, and it may be reduced to a merely nominal sum in the form of a fine of any sum less than $100, according to the character of the offence.

It appears clear to us, that the legislature did not intend, by their silence as to the tribunal which should try the offences created by this statute, to thereby take away the ordinary jurisdiction conferred by law upon our justices of the peace.

When a statute creates a right, and gives no special remedy, a party may resort to the usual legal remedy.   2 Salked, 415 ; *Almy* v. *Harris*, 5 John. 175.   A statute to expedite litigation, and prevent a delay of justice, is remedial, and should be liberally construed.   *People* v. *Tibbetts*, 4 Cowen, 384.   A statute should be so construed as to make it effective, rather than to destroy it.   6 Hill 616 ; 2 Rolls. Abridg. 127.   We think, therefore, the legislature intended that the magistrate should have full jurisdiction of this offence, and that he has exercised his power in a judicious manner.   We, therefore, remand the case to the trial term for further proceedings there.