(72 App. Div. 233.)

### WILSON v. UNITED TRACTION CO.

(Supreme Court, Appellate Division, Third Department. May 7, 1902.)

1. CONSTITUTIONAL LAW — DEPRIVATION OF PROPERTY — STREET RAILROAD—
   POLICEMAN—RIGHT TO RIDE FREE.
       Laws 1895, c. 417, authorizing the mayor of a city or incorporated village to issue a certificate to policemen, and making it the duty of all street railroads in such city or village to transport policemen having such certificates free of charge, while traveling in the performance of

their duties, is unconstitutional and void, as depriving the railroad com-
pany of its property without due process of law.

2. SAME—POLICE POWER—PUBLIC SAFETY.
    Such statute is not valid as a legitimate use of the state's police-
    power to provide for public safety.

Submission of a controversy between William H. R. Wilson and
the United Traction Company.   Judgment for defendant.

The defendant is the successor of the Albany Railway, a corporation which,
was duly incorporated on September 14, 1863, under the provisions of the-
general railroad act of 1850, and various amendments thereto, for the pur-
pose of operating a street railway in the streets of the city of Albany, and
elsewhere in the county of Albany.  The Albany Railway accepted its fran-
chise and constructed its railway, and operated the same for many years.
prior to 1895.  On December 30, 1899, it was duly consolidated with the-
Watervliet Turnpike & Railroad Company and the Troy City Railway Com-
pany, under the name of the United Traction Company, whereby all the-
rights, privileges, exemptions, and franchises of the Albany Railway in the-
city of Albany became, and still are, vested in the defendant.  The plaintiff,.
being a policeman of the city of Albany, and then traveling in the course-
of the performance of the duties of his office, and possessing the certificate-
issued by his mayor, for which chapter 417 of the Laws of 1895 provides,
boarded a car of the defendant in such city, and claimed the right to ride-
free upon such car to the point where his said duties required him to go;
claiming the right to do so under the provisions of that act.  The defendant.
denied the validity of such act, and ejected him from the car.  Whether it'
had the right to do so is the question presented by this submission.

Argued before PARKER, P. J., and KELLOGG, SMITH, and:
CHASE, JJ.

Arthur L. Andrews, for plaintiff.
Patrick C. Dugan and David B. Hill, for defendant.

PARKER, P. J.  The decision in the Beardsley Case, 162 N. Y..
230, 56 N. E. 488, which follows the decision of the federal court in
Railroad Co. v. Smith, 173 U. S. 684, 19 Sup. Ct. 565, 43 L. Ed. 858,.
seems to be a clear authority for the proposition that the statute of
1895, above referred to, operates to deprive the defendant of its prop-
erty without due process of law.  In those cases the railroad com-
panies were required to issue mileage books, at a reduced rate of
fare, to those willing to purchase a designated number of miles at
one time.  In this case the defendant is required to carry a certain
specified class of persons entirely free of charge.  If the former
is an invasion of the companies' property rights, the latter is equally
so; and in neither case is there any process of law provided for, save
the mandate contained in the act itself.  It is sufficient to refer
to the reasoning of the court in those two cases to show that the
principles which controlled in them are equally applicable to this case.
They are substantially alike in all respects, save as to the single ques-
tion whether the act of 1895 can be sustained as a legitimate exercise
of the so-called police power of the state.  If it may not be sustained
upon that theory, then, like the mileage-book law, it is a clear viola-
tion of that provision of the constitution that no person shall be
deprived "of life, liberty or property without due process of law, nor
shall private property be taken for public use without just compen-
sation."  There are certain lines of legislation which are sustained:

although they do injuriously interfere with property rights, and even confiscate them, without due process of law; but it is for the reason that they are necessary to promote the health, morals, or safety of the public. Just how far such legislation may extend, it is not easy to define in any general statement. The methods which the legislature may adopt to guard such interests, the courts do not attempt to regulate, except as the cases arise and are presented to them; but in such cases they are "careful to detect violations of constitutional safeguards masquerading in the garb of police powers." An extended discussion of those powers and their extent is not necessary here. One may be found in the case of Bronk v. Barckley, 13 App. Div. 72, 43 N. Y. Supp. 400. It is sufficient to say that, in our judgment, the statute in question cannot be sustained as a valid exercise of that power. Its evident purpose and effect is to relieve the municipalities referred to therein from a portion of the burden of maintaining their police and fire departments at the expense of the several street railway companies within their limits. Concede that the public safety requires that the public officers mentioned be carried upon such railroads, it is not apparent why, in order to promote that safety, they should be carried free of charge. There is no pretense that the act is necessary to secure their right to ride upon such roads. The sole purpose is to secure their right to ride free. Thus the only advantage secured by the act to the public is that the railroad company, instead of the municipality, pays the fare. Such an advantage may be a public convenience; but the right to take the property of the individual citizen, or of a class, for the sole reason that the proceeds of it would be convenient to aid the municipality in defraying its general expenses, has not yet been conceded as a legitimate exercise of the police power, and we are not disposed to concede it now.

This conclusion renders it unnecessary to examine the other questions raised in this case. The statute being a violation of the constitutional protection above referred to, it is inoperative as against the defendant. The plaintiff's claim to ride free was therefore without warrant, and judgment should therefore be rendered against him, and in favor of the defendant, for costs. All concur.