(92 Misc. Rep. 40)

### CITY OF NEW YORK v. NEW JERSEY & S. I. FERRY CO.

(Supreme Court, Special Term, Kings County.   October, 1915.)

FERRIES &#8413;4—LICENSES—REPEAL OF STATUTE.

Greater New York Charter (Laws 1901, c. 466) § 83, authorizing the city to establish and permit the operation of ferries using any part of the water front, impliedly repeals Highway Law (Consol. Laws, c. 25) § 270, which authorizes County and City Courts to grant licenses for keeping ferries, in so far as such section relates to the territorial water rights of the city.

[Ed. Note.—For other cases, see Ferries, Cent. Dig. § 4; Dec. Dig. &#8413;4.]

Application for injunction by the City of New York against the New Jersey & Staten Island Ferry Company.   Judgment for plaintiff.

&#8413;For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Lamar Hardy, Corp. Counsel, of New York City (Harold N. White-house, Asst. Corp. Counsel, of New York City), for plaintiff.

Kenney & Eadie, of New Brighton (Bertram Eadie, of New Brighton, of counsel), for defendant.

KAPPER, J. The power to establish and permit the operation of all ferries using any part of the water front of the city of New York, as constituted by the creation of the greater city (Greater New York Charter, § 83), must be held to be exclusively vested in the city. This exclusive right impliedly repeals, so far as concerns the territorial water rights of the city, the provision of section 270 of the Highway Law, which empowers County Courts and City Courts to grant licenses for "keeping ferries" in the respective counties and cities for limited terms of not exceeding five years. No one has the right to set up a public ferry and charge tolls for transportation of persons and property without the license of the sovereign. Mayor, etc., v. Starin, 106 N. Y. 1, 11, 12 N. E. 631; Power v. Village of Athens, 99 N. Y. 592, 598, 2 N. E. 609; Chenango Bridge Co. v. Paige, 83 N. Y. 178, 186, 38 Am. Rep. 407.

The power of the state to grant and the city to receive these ferry franchises is undisputed. It was a grant of property and exclusive in its nature. It conveyed from the state its property right and vested such right in the city. By this grant the city did not merely receive the political right to establish and regulate ferries, but it received the property in the ferry franchises as it received the other property granted to it by its various charters. Mayor, etc., v. Starin, supra. The broad language of the grant, as expressed in the charter, is so fundamentally at war with the theory that local courts within the city may continue to give ferry licenses that a repeal of that authority must be held to follow.

The county judge of Richmond county was, on April 7, 1914, power-less, in my opinion, to grant to the defendant a license or right to operate the ferry in question. The plaintiff's application for an injunction must be granted, and, under the stipulation that in the event of the plaintiff's prevailing the damages should be assessed at the sum of the rental agreed to be paid by the lease from the city used and adopted by the defendant for the period of five years ending May 1, 1914, the judgment will, in addition, be that the plaintiff recover damages in the sum of $425, with costs.

Judgment accordingly.