A proper order may be prepared and settled upon notice.

---

(173 App. Div. 496)

CITY OF NEW YORK v. NEW JERSEY & STATEN ISLAND FERRY CO.

(Supreme Court, Appellate Division, Second Department. June 9, 1916.)

1. INJUNCTION ☞103—JURISDICTION—CRIMES.
    Injunctive relief against the unauthorized maintenance of a ferry is not precluded because Pen. Code, § 870, makes such maintenance a misdemeanor.
    [Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 176, 177; Dec. Dig. ☞103.]

2. COURTS ☞18—JURISDICTION—LOCATION OF SUBJECT-MATTER.
    Injunctive relief against the unauthorized maintenance of a ferry in this state is not precluded because its other terminus is in New Jersey.
    [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 50–68; Dec. Dig. ☞18.]

Appeal from Special Term, Kings County.

Action by the City of New York against the New Jersey & Staten Island Ferry Company. Judgment for plaintiff, and defendant appeals. Affirmed.

See, also, 92 Misc. Rep. 40, 155 N. Y. Supp. 937.

Argued before JENKS, P. J., and STAPLETON, MILLS, RICH, and PUTNAM, JJ.

Bertram G. Eadie, of New Brighton (Guy O. Walser, of New Brighton, on the brief), for appellant.

William E. C. Mayer, of New York City (Terence Farley and Harold N. Whitehouse, both of New York City, on the brief), for respondent.

JENKS, P. J. The judgment should be affirmed upon the opinion of Mr. Justice Kapper at Special Term. It would be superfluous to add to or to amplify his discussion of the principal question.

[1] The plaintiff is not barred from equitable relief because the unauthorized maintenance of a ferry is made a misdemeanor by section 870, Penal Code. We are cited to Woollcott v. Shubert, 169 App. Div. 194, 154 N. Y. Supp. 643, wherein is discussed and approved the rule of Almy v. Harris, 5 Johns. 175. Almy v. Harris, supra, is limited in Jordan & Skaneateles Plank Road Co. v. Morley, 23 N. Y. at 554, so that the case is not applicable to the case at bar. It is there said:

"It is only where a new right is given, which the party would not be entitled to but for the statute, that the remedy afforded by the statute is exclusive."

Of course, the defendant was afforded no right, actual or apparent, by section 870 of the Penal Code.

[2] The circumstance that a terminus of the ferry is in the state of New Jersey does not affect the right involved in the case at bar. People v. Babcock, 11 Wend. 587; Columbia Delaware Bridge Co. v. Geisse, 38 N. J. Law, 39; Conway v. Taylor, 1 Black, 603, 17 L. Ed. 191.

Judgment affirmed, with costs. All concur.