## SUTTON *v.* STATE OF NEW JERSEY.

## MIHM *v.* STATE OF NEW JERSEY.

ERROR TO THE COURT OF ERRORS AND APPEALS OF THE STATE OF NEW JERSEY.

Nos. 189, 190.  Argued April 20, 1917.—Decided May 21, 1917.

A state law requiring a street car company to carry city detectives free when in the discharge of duty, *Held* not an arbitrary or unreasonable exercise of police power.

A state law requiring a street car company to carry city detectives free while in the discharge of duty is a valid exercise of a reserved power to amend the company's charter.

87 N. J. L. 192; *id.*, 332, affirmed.

THE case is stated in the opinion.

*Mr. Frank Bergen* for plaintiffs in error.

*Mr. John Bentley* for defendant in error.

MR. JUSTICE BRANDEIS delivered the opinion of the court.

These cases were argued together.  In each the New Jersey statute (P. L. 1912, p. 235,[1]) requiring street rail-

---

[1] 1.  On and after the passage of this act each street railway company or corporation referred to in the act to which this act is a supple-

way companies to grant free transportation to police
officers while engaged in the performance of their public
duties, is assailed as invalid under the Fourteenth Amend-
ment. In each a prosecution for assault and battery was
brought against an inspector employed by the Public
Service Railway Company of Jersey City, for ejecting
a city detective who refused to pay his fare. Both detect-
ives were in plain clothes, but showed their badges and
claimed the right to ride free of charge. Both detectives
were on duty at the time—one was on his way to report
at headquarters; the other to interview the victim of a
robbery. The defence in each case was the unconstitu-
tionality of the statute and that the detective, having
wrongfully refused to pay his fare, was ejected with no
more than necessary force. The police justice, before
whom the prosecutions were instituted, found the de-
fendants guilty and fined them. These judgments were
affirmed in successive appeals to the Supreme Court and
to the Court of Errors and Appeals of New Jersey. 83
N. J. L. 46. 87 N. J. L. 192. The case comes here on
writ of error.

The Supreme Court of New Jersey said:

"Policemen are frequently required to be on street cars
in the execution of their duties to preserve the peace, to
enforce ordinances and to prevent or detect crime. It
would be difficult to say that the mere presence of a
police officer might not be of value for securing these
objects . . . at any rate, the legislature might reason-

---

ment shall grant free transportation of uniformed public officers while
engaged in the performance of their public duties, or police officers of
whatever grade or rank acting as detectives, county detectives, or
detectives attached to or connected with the office of the prosecutor of
the pleas in any county in this State while engaged in the performance
of their public duties, whose duties require police duty to be performed
without uniform.

ably think so, and legalize his presence on the car without payment of fare."

Freedom to come and go upon the street cars without the obstacle or discouragement incident to payment of fares may well have been deemed by the legislature essential to efficient and pervasive performance of the police duty. Increased protection may thereby enure to both the company and the general public without imposing upon the former an appreciable burden. If any evidence of the reasonableness of the provision were needed, it could be found in the fact that such officers had been voluntarily carried free by the company and its predecessors for at least eighteen years prior to July 4, 1910, when the practice was prohibited by the Public Utilities Act (P. L. 1910, p. 58). In the following year such free transportation was expressly permitted (P. L. 1911, p. 29), and it was made mandatory by the act here in question. We cannot say that the requirement that city detectives not in uniform be carried free on street cars when in the discharge of their duties is an arbitrary or unreasonable exercise of the police power.

Furthermore the charter of the Railway Company was subject to alteration in the discretion of the legislature (Constitution of New Jersey, Art. IV., § 7, Par. 11. P. L. 1846, p. 17.) The obligation to carry free city detectives engaged in the discharge of their duties is a burden far lighter than others imposed upon street-using corporations which have been sustained by this court as a valid exercise of the reserved power.[1]

The statute is broad in scope, extending also to all "uniformed public officers"; but the court below expressly confined its decision to the case presented, sustaining the

---

[1] *Stanislaus County* v. *San Joaquin C. & I. Co.*, 192 U. S. 201; *San Antonio Traction Co.* v. *Altgelt*, 200 U. S. 304; *Fair Haven & Westville R. R. Co.* v. *New Haven*, 203 U. S. 379.

law "in so far as it applies to police officers"; and our decision is likewise so limited.

The judgments are

*Affirmed.*

MR. JUSTICE McKENNA and MR. JUSTICE PITNEY dissent.