EDWARD GOLDBERG, RESPONDENT, v. THE CENTRAL RAILROAD COMPANY OF NEW JERSEY (A CORPORATION), APPELLANT.

Submitted March 23, 1922—Decided June 7, 1922.

Railway policemen, commissioned by the governor under the act concerning railways (*Comp. Stat. Supp.*, p. 113), are state officers charged with the performance of public duties, and for the proper discharge of their duties and exercise of their official powers are responsible not to the railway company but to the state, unless the action of the officer is instigated by the company or some of its officers or employes.

On appeal from the District Court of Plainfield.

Before Justices SWAYZE, BLACK and KATZENBACH.

For the plaintiff, *Ralph J. Smalley.*

For the defendant, *William A. Barkalow.*

The opinion of the court was delivered by

SWAYZE, J.   Goldberg was a passenger on the train from Elizabeth to Plainfield. He left the train at Plainfield and went through the tunnel under the track in order to have an excess check for fare paid on the train from Elizabeth redeemed. His story is that he was wantonly assaulted by one Malley, an employe of the railroad company. Malley was a railway policeman under the act concerning carriers. *Comp. Stat. Supp.*, p. 113. The answers to interrogatories which were put in evidence by the plaintiff show a compliance with

the requirements of that act. Malley says that Goldberg and his companions were disorderly and that what he did was by way of preserving order about the railway station and trains.

It is settled in the Supreme Court by the case of *Tucker* v. *Erie Railway Co.*, 69 *N. J. L.* 19, that railway policemen commissioned by the governor under the act are state officers charged with performance of public duties, and for the proper discharge of their duties and exercise of their official powers are responsible not to the railway company but to the state, unless the action of the officer is instigated by the company or some of its officers or employes. No such instigation is shown in this case. The view expressed by the Supreme Court in the Tucker case subsequently met with the approval of the Court of Errors and Appeals in *Taylor* v. *New York, &c., Railroad Co.*, 80 *Id.* 282. That case, however, while approving Tucker v. Erie Railway Co., so far as it went, recognized that if what the railway policeman did had been done as agent of the company and not solely as police officer the company would have been legally responsible. This exception, however, does not apply to the present case, as Malley acted apparently on his own responsibility.

The case does, however, differ from the Tucker case, in that the plaintiff, Goldberg, was a passenger, or might at least have been found by the jury to be a passenger, and was entitled to the additional care to which a passenger is entitled. *Harer* v. *Central Railroad*, 62 *N. J. L.* 282. The question has arisen in the federal court in a case in which a passenger was the plaintiff, and the Circuit Court of Appeals for this circuit held that the rule was the same as in the Tucker case. 273 *Fed. Rep.* 820. The opinion in that case, however, merely follows the authority of the Tucker case.

More discussion may not be amiss. The question is whether the duty of the railroad company to its passenger is superior to the duty of the railway policeman to do his duty by way of preserving the public peace. The statute under which they are now appointed, cited above, enacts that they shall possess all the powers of policemen and constables

in criminal cases of the several townships and municipalities in counties traversed by the conveyance or route of the railway company. One of the duties of constables at common law is to preserve the public peace. 12 *C. J.* 649; *Tucker* v. *Erie Railway Co.,* 69 *N. J. L.* 19 (at *p.* 21). So important is this duty that it has been held that the legislature may require street railway companies to carry detectives and policemen free of charge. *Sutton* v. *State of New Jersey,* 244 *U. S.* 258; *affirming, State* v. *Sutton,* 83 *N. J. L.* 46. The preservation of the public peace is necessarily paramount, and in order that a policeman may properly perform his duty, he must be free of interference by the railway company in its effort to exercise the high degree of care required for its passengers. There can, when it comes to a question of the public peace, be no division of authority, and the officer representing the sovereignty of the state must be substituted so far forth for the officers of the railway company.

The result is that the judgment in favor of the plaintiff must be reversed and the record remitted for a new trial. No costs are allowed.