BOARD OF EDUCATION OF THE CITY OF WHITE PLAINS, Respondent, *v.* WALTER ROGERS et al., Constituting the Common Council of the City of White Plains, et al., Appellants.

Argued April 18, 1938; decided May 24, 1938.

*William R. Condit, Corporation Counsel* (*Samuel Faile* of counsel), for appellants. Chapter 470 of the Laws of 1917, constituting section 268-a of the charter of the city of White Plains, is in full force and effect and delegates authority to the Common Council to reduce the educational budget. (*Matter of Hirshfield* v. *Cook,* 227 N. Y. 297; Statutes and Statutory Construction, McKinney's Consolidated Laws, book 1, § 172; *People ex rel. Strough* v. *Canvassers,* 77 Hun, 372; *People* v. *Quig,* 59 N. Y. 84; *Matter of Commissioners of Central Park,* 50 N. Y. 493; *Matter of Emerson* v. *Buck,* 230 N. Y. 380.)

*George L. Allin* and *J. Henry Neale* for respondent. Article 33-B of the Education Law (Cons. Laws, ch. 16) prevails over section 268-a of the charter of the city of White Plains. (*Matter of Jaffe* v. *Board of Education,* 240 App. Div. 402; *Matter of Board of Education* v. *Baker,* 241 App. Div. 574; *Matter of O'Donnell* v. *Morrissey,* 151 Misc. Rep. 315; *Smith* v. *Donahue,* 202 App. Div. 656; *Matter of Washington S. A. & P. R. R. Co.,* 115 N. Y. 442.) Article 33-B of the Education Law gives to the Board of Education the exclusive power and duty to fix the salaries of the administrative, supervising and teaching staffs subject only to the minimum requirements set by the same statute. (*Smith* v. *Donahue,* 202 App. Div. 656; *Matter of Fuhrmann* v. *Graves,* 235 N. Y. 77; *Matter of Emerson* v. *Buck,* 230 N. Y. 380.)

FINCH, J. This is a submitted controversy. The question involved is the power of the municipal officials of the city of White Plains to reduce or limit the annual estimate or budget of the Board of Education of said city.

The Board of Education prepared a budget for the year 1938. After adoption of this budget by the Board the Mayor, by written communication to the Common Council, recommended reductions in the amounts fixed by the Board for salaries in each of the four classifications, administrative, supervision and teaching, school libraries, and school health service. The total reductions amounted to approximately $16,000. Subsequently the tax budget was adopted by the Common Council without specifying any items but merely reducing the total of the budget submitted by the Board of Education. The power of the Mayor and the Common Council to reduce at all, and the manner of the reduction, if the power does exist, are the questions presented.

Pending the decision of this controversy the amount of $16,394.90 was raised and deposited to the credit of the Board of Education.

The Appellate Division, two justices dissenting, granted judgment in favor of plaintiff, decreeing that the Common Council of the city of White Plains was directed to include in the annual tax and assessment roll, without any reductions, the budget of the Board of Education of said city.

The facts in so far as necessary to present the question submitted are briefly as follows:

The city of White Plains, a municipal corporation, was created in 1915 (Laws of 1915, ch. 356). It is a city of the third class. The charter of the city prior to 1917 provided in substance that the Board of Education should adopt a budget, send a copy to the Mayor, who might disapprove and note his objections thereon, and return it within five days to the Board. Five members of the Board could overrule these objections (Charter, § 267). In 1917, section 267 of the charter was repealed, and section 268-a (Laws of 1917, ch. 470) was enacted. This latter section provides that within twenty days after submission of the budget by the Board of Education the Mayor may " recommend to the common council reductions in the several amounts fixed therein by the board of education * * * but the common council shall not increase such amounts nor vary the terms and conditions thereof, 'nor insert any new items; the common council shall thereupon act upon any such recommendation of the mayor and the amount of such estimate or budget as amended by the common council in accordance with such recommendations * * * shall be included in the annual tax and assessment roll of the city for the ensuing year." In the same year the Legislature amended the Education Law (Cons. Laws, ch. 16) by enacting article 33-A (Laws of 1917, ch. 786). Article 33-A provides for the establishment of a board of education in all cities of the State. Subdivision 3 of section 877, entitled " Annual estimate," provides:

" 3. In a city of the third class in which the common council, under statutes in effect prior to the time when this act takes effect, has the power to determine the amount

of funds which shall be included in the estimate for the support and maintenance of public schools, and in any such city in which the mayor under such statutes has the power to consider and determine the amounts included in such estimate for the support and maintenance of public schools, such common council and mayor shall have the same power and shall perform the same duties as are required under the statutes in effect prior to the taking effect of this act, and the provisions of such statutes shall continue in full force and effect notwithstanding the provisions of this act. Nothing in this act shall be construed as conferring upon the common council of a city of the third class the power to determine the amount which shall be used for school purposes, which was not specifically conferred upon the common council of such city under the statutes in effect prior to the taking effect of this act. Where the mayor, under a statute in effect prior to the taking effect of this act, reduces or eliminates items in the estimate for the support and maintenance of public schools in the city, he must return such estimate to the board of education, stating his reasons for making such reductions or eliminations, within ten days after the filing of such estimate, and thereupon the board of education may take action on such estimate and may by a three-fourths vote of the members of the board restore the items so reduced or eliminated, and the estimate shall thereupon become effective and the amounts specified therein shall be levied and collected in the same manner as other city taxes are collected.''

The Board of Education contends that section 268-a of the charter, which permits reductions in the budget of the Board of Education by the Common Council on receipt of recommendations by the Mayor, was repealed by article 33-A. Article 33-A does not specifically refer to section 268-a, so that to sustain this contention it is necessary to hold that this section 268-a of the charter of the city of White Plains is inconsistent with article 33-A, and, therefore, repealed by implication. In this connection it is to be noted that section 268-a of the charter of the city of White Plains became law only

about a month before the enactment of article 33-A. It would follow because of the short interval between the enactment of the two measures that they were both pending before the Legislature at the same time. The general rule, that repeal by implication is not favored, applies with peculiar force to statutes enacted at the same session of the Legislature. (Statutes & Statutory Construction, McKinney's Consolidated Laws of New York, Book 1, § 172.) Furthermore, the general rule in reference to repeal applies, namely, that a private or local law is not deemed repealed by general legislative act unless the legislative intent is clear. Although many other statutes were noted as specifically repealed by article 33-A, no reference was made to section 268-a. Normally, if section 268-a was to be repealed, specific reference to it would have been made. All these considerations tend to show that section 268-a was not repealed by implication.

Weightier reasons, however, lead to the conclusion that there was no intention to repeal section 268-a. The first is that it was saved from repeal by subdivision 3 of section 877, quoted above, which provides that where in a city of the third class the Common Council had the authority to fix the amount of school funds prior to the enactment of article 33-A, this power shall remain unchanged. In addition, this court has indicated that the intent of the Legislature in enacting article 33-A was to establish Boards of Education with greater independence in the administration of school affairs, leaving intact in the legislative body of each locality some control over the amount of the budget which the Board of Education could compel the city to raise. (*Matter of Emerson* v. *Buck*, 230 N. Y. 380; *Matter of Fuhrmann* v. *Graves*, 235 N. Y 77.) In *Matter of Fuhrmann* v. *Graves* the general principle was applied that the Board of Education in the city of Buffalo had sole and exclusive authority to employ Superintendents and fix their salaries. It was in no way controlled by the City Council except as to the total amount which could be expended for educa-

tional purposes. The Board, " in the exercise of its discretion, must determine for itself how the money within its control shall be expended, to the end that an efficient system of education in the city shall be maintained." (p. 83). In *Matter of Emerson* v. *Buck (supra)* it was held that chapter 786 of the Laws of 1917 created independent Boards of Education with all the control over educational matters formerly possessed by the city, but that this statute conferred upon the Board of Education no authority to make an estimate which the Common Council must accept without criticism and appropriate the money required, no matter how much the other activities of the city may suffer. The Council still has the power to reduce as a whole the estimate of the Board of Education, as well as the estimate of other departments, and such reduction must be accepted.

We, therefore, reach the conclusion that section 268-a of the charter of the city of White Plains was not repealed by article 33-A of the Education Law, but still regulates the relationship existing between the Board of Education and defendants.

A consideration of section 268-a shows that the Mayor may recommend to the Common Council reductions in the several amounts fixed by the Board of Education. These, however, are only recommendations to the Common Council so as to show that the total amount recommended for reduction in the budget is not arbitrary or whimsical, but based upon definite recommendations. The Council, however, only has the power in acting upon these recommendations of the Mayor to amend the budget as to the total amount which shall be expended for education purposes. The wording of section 268-a is as follows: " Such itemized estimate or budget shall be filed with the clerk of the common council and a copy thereof shall be presented to the mayor, who shall thereupon have twenty days in which to consider such estimate and to recommend to the common council reductions in the several amounts fixed therein by the board of education

\* \* \* but the common council shall not increase such amounts nor vary the terms and conditions thereof, nor insert any new items; the common council shall thereupon act upon any such recommendation of the mayor *and the amount of such estimate or budget as amended by the common council* in accordance with such recommendations, and not otherwise, \* \* \* shall be included in the annual tax and assessment roll \* \* \* and shall be placed to the credit of the board of education." (Italics interpolated.)

Section 268-a of the charter of the city of White Plains thus brings the relationship between the Board of Education and the city government within the principle laid down in *Matter of Fuhrmann* v. *Graves (supra)*. The Common Council is given the right only to reduce the total amount of the budget, although the Mayor, in making his recommendation to the Common Council, shall point out how this total amount is arrived at by recommending reductions in the several amounts fixed by the Board of Education. This prevents the action of the Mayor from being arbitrary and shows the Common Council how the total amount of deductions is arrived at. On the other hand, the Board of Education has the power to determine how the money within its control shall be expended. An efficient system of education, therefore, may be maintained under the responsibility of the Board of Education. The Mayor and the Common Council in this submitted controversy carried out the provisions of section 268-a.

It follows that the judgment appealed from should be reversed, without costs, and the Commissioner of Finance of said city of White Plains directed to retain the sum of $16,394.90 on deposit to the credit of the Board of Education, and to include the same as part of the estimated revenues which shall be applied to reducing the budget of the Board of Education for the year 1939.

LEHMAN, O'BRIEN, HUBBS, LOUGHRAN and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgment accordingly.