**BROOKLYN & RICHMOND FERRY CO., Inc., v. UNITED STATES.**

No. 189, Docket 20898.

Circuit Court of Appeals, Second Circuit.

March 30, 1948.

Before L. HAND, SWAN and FRANK, Circuit Judges.

Crawford & Parsons, of New York City (H. Victor Crawford and L. J. Parsons, Jr., both of New York City, of counsel); for appellant.

John F. X. McGohey, of New York City (Henry L. Glenn, of New York City, of counsel), for appellee.

FRANK, Circuit Judge.

■ 1. Since appellee's claim for payment under a mistake of law is based on the theory that, under § 237 of the Military Law as it stood prior to March 29, 1944, it was under no obligation to pay tolls for army vehicles, it is first necessary to determine whether that section applied to appellant's ferry. Appellant claims that it is not governed by § 237, but only by § 33-a of the Public Service Law. We believe, however, that appellant was in fact governed by both statutes, and that the latter statute did not change the applicability of the former to appellant's ferry. Repeals by implication are not favored; a legislative intention to repeal by implication will be presumed only where there is an unavoidable inconsistency between the statutes.[4] No such repugnancy existed here. One statute provided that members of the United States armed forces in uniform should themselves ride free on ferries during their enlistment. The other, with reference to the United States forces, provided that, during wartime only, members of such forces and their vehicles and military equipment should pass free over toll-ferries and toll-bridges. The two sections overlap to some extent, but, as that is not unusual in this complicated statutory scheme, we see no reason why both sections cannot be enforced. Nor do we see any reason to assume that the legislature did not intend both sections to be enforced as written, since the sections in their original form were enacted within three days of each other.[5]

■ 2. Appellant argues nevertheless that, because of the nature of the franchise which it accepted, it cannot be bound by section 237 of the Military Law. The substance of its argument is that a ferry franchise under New York law is real property, an incorporeal hereditament, which had vested in the City of New York prior to the passage of § 237, and which could not be legislatively divested. According to this argument, since the state had already granted the franchise to the City, it could not later impose upon that grant the condition of carrying soldiers free in wartime, so that such a subsequent condition could have no effect as against the

---

[4] Davis v. Supreme Lodge, Knights of Honor, 165 N.Y. 159, 166, 58 N.E. 891; Bush v. Delaware, L. & W. Ry., 166 N.Y. 210, 219, 59 N.E. 838; Matter of Tiffany, 179 N.Y. 455. 457, 72 N.E. 512; People v. Dwyer, 215 N.Y. 46, 51, 109 N.E. 103; Cf. Peterson v. Martino, 210 N.Y. 412, 418, 104 N.E. 916.

[5] Board of Education v. Rogers, 278 N.Y. 66, 71, 15 N.E.2d 401.

original grantee, the City, nor as against the appellant, which, as lessee, from the original grantee, is entitled to all the defenses open to the lessor.

If the New York legislature could validly impose § 237 as a condition of the ferry franchise owned by the City of New York, then that section was binding on appellant, for appellant's agreement was made subsequent to the passage of that section and would be deemed to have incorporated it.[6] In other words, appellant can be in no better position than the City. The New York courts have held, as appellant asserts, that a ferry franchise granted to the City is a form of "property."[7] Our question, then, is whether the state, without compensation, may constitutionally impose such a condition on the city as "owner" of such "property." In answering that question, we must consider both the federal and the state constitutions.

■ So far as the federal constitution is concerned, there can be no objection by a city to a state law like the one in question. The Supreme Court has held that, "A municipal corporation, created by a state for the better ordering of government, has no privileges or immunities under the Federal Constitution which it may invoke in opposition to the will of its creator,"[8] and that, "A municipality is merely a department of the state, and the state may withhold, grant, or withdraw powers and privileges as it sees fit."[9] Moreover, such a condition, even if imposed on a private person or corporation having a direct grant of such a franchise, is not violative of the federal constitution. In Sutton v. New Jersey, 244 U.S. 258, 37 S.Ct. 508, 61 L.Ed. 1117, it was so held with respect to a state law requiring a private street-car company to carry city-detectives free when on duty. Since, under the national constitution, a city has less protection from state action than a private company, appellant cannot be heard to say that the condition here violates the federal constitution.

Considering now the state constitution, we find that even the oldest New York cases, characterizing city ferry-franchises as "property," qualified their holdings by statements that the legislature retained some measure of control over the ferries. "It still may regulate the conduct of the ferry for the public good and control the tolls to be charged."[10] We have no doubt that the New York courts would hold that the requirement that a ferry carry United States troops and equipment free during war-time was a reasonable regulation of the ferry business for the public good. True, in Wilson v. United Traction Co., 72 App. Div. 233, 76 N.Y.S. 203, a statute providing free transportation on street railroads of policemen and firemen on duty was held to be a deprivation of the property of a privately-owned corporation, without due process and an improper exercise of "police power." We think, however, the New York courts would not follow that ruling today. The court there relied, for its finding of deprivation of property, on two railroad rate-cases decided by the United States Supreme Court[11] and the New York Court of Appeals[12] which have long since been effectually over-ruled;[13] and the Wil-

---

[6] People ex rel. City of New York v. Nixon, 229 N.Y. 356, 361, 128 N.E. 245.

[7] Benson v. Mayor, etc. of New York, 10 Barb. 223, 240, 242; Mayor, etc. of New York v. Starin, 106 N.Y. 1, 11, 12 N. E. 631; City of New York v. New Jersey & S. I. Ferry Co., 92 Misc. 40, 41, 155 N.Y.S. 937; affirmed 173 App.Div. 496, 159 N.Y.S. 434; Matter of Wheeler, 62 Misc. 37, 43, 115 N.Y.S. 605; affirmed 137 App. Div. 894, 121 N.Y.S. 1143; Cf. Louisville, etc. Ferry Co. v. Kentucky, 188 U.S. 385, 395, 23 S.Ct. 463, 47 L.Ed. 513.

[8] Williams v. Mayor, etc. of Baltimore, 289 U.S. 36, 40, 53 S.Ct. 431, 432, 77 L. Ed. 1015;

[9] Trenton v. New Jersey, 262 U.S. 182, 187, 43 S.Ct. 534, 537, 67 L.Ed. 937, 29 A.L.R. 1471;

[10] Mayor, etc. of New York v. Starin, 106 N.Y. 1, 15, 16, 12 N.E. 631, 635; cf. Benson v. Mayor, etc. of New York, 10 Barb. 223, 245; East Hartford v. Hartford Bridge Co., 10 How. 511, 534, 13 L. Ed. 518;

[11] Lake Shore & M. S. R. Co. v. Smith, 173 U.S. 684, 19 S.Ct. 565, 43 L.Ed. 858.

[12] Beardsley v. New York, L. E. & W. R. Co., 162 N.Y. 230, 56 N.E. 488.

[13] Pennsylvania R. Co. v. Towers, 245 U.S. 6, 38 S.Ct. 2, 62 L.Ed. 117 L.R.A. 1918C, 475; Cf. People ex rel. New York, N. H. & H. R. Co. v. Public Service Commission, 159 App.Div. 531, 145

334

son case was decided before the Supreme Court in the Sutton case, supra, showed the federal attitude toward such an exercise of "police power." We think the New York Courts today will doubtless interpret the state constitution in line with the interpretation of the federal constitution in the Sutton case.[14]

■ 3. To the general rule barring recovery of payments made under a "mistake of law," recovery of payments thus made by United States government officers constitute a well-known exception.[15] We think that the authorities do not bear out appellant's contention that the rule is otherwise when the government has received some consideration for the money paid.[16]

■ 4. We think, however, that the instant case was not properly disposed of by summary judgment. Under § 237, appellant was required to carry free only those vehicles of the United States armed forces the drivers of which presented themselves in uniform or with certificates of membership in the armed forces of the United States. When tickets were purchased for army installations, some may have been distributed for use on occasions when the conditions of § 237 were not met, e.g., when an army vehicle was driven by a civilian. Appellee is entitled to defend or recover on its counterclaim only for those tickets used when drivers actually complied with the conditions of the section. As appellant raised and did not waive this issue of fact, it must be tried. On this sole ground, we reverse and remand.

---

N.Y.S. 503; affirmed 215 N.Y. 689, 109 N.E. 1089.

[14] The New York courts have held that the rates contained in a franchise to a private service corporation are within the state's "police power" and may be modified without impairing the obligation of a contract within the provisions of the constitution. People ex· rel. Village of South Glens Falls v. Public Service Commission, 225 N.Y. 216, 121 N.E. 777; Mayor, etc. of New York v. Twenty-third St. R. Co., 113 N.Y. 311, 21 N.E. 60.

[15] United States v. Wurts, 303 U.S. 414, 58 S.Ct. 637, 82 L.Ed. 932; Wisconsin Cent. R. Co. v. United States, 164 U.S. 190, 212, 17 S.Ct. 45, 41 L.Ed. 399; Cabel v. United States, 1 Cir., 113 F.2d

998, 1000; United States v. Bentley, 2 Cir., 107 F.2d 382; Leonard v. Gage, 4 Cir., 94 F.2d 19, 24, certiorari denied 303 U.S. 653, 58 S.Ct. 752, 82 L.Ed. 1113; Heidt v. United States, 5 Cir., 56 F.2d 559, 560, cert. den. 287 U.S. 601, 53 S. Ct. 8, 77 L.Ed. 523. Cf. § 112-f, N.Y. Civ.Practice Act.

[16] Wisconsin Cent. R. Co. v. United States, 164 U.S. 190, 212, 17 S.Ct. 45, 41 L.Ed. 399, held in favor of a recovery of money paid for transportation of mail at excessive rates, though the mail was in fact transported; in Heidt v. United States, 5 Cir., 56 F.2d 559, 560, cert. den. 287 U.S. 601, 53 S.Ct. 8, 77 L.Ed. 523, recovery was permitted of money overpaid an army officer, though he had been serving on active duty.