**TOWNSHIP OF RIVER VALE, et al.,**
**Appellants,**

v.

**TOWN OF ORANGETOWN, et al.,**
**Appellees.**

**Nos. 34, 39, Dockets 32232, 32371.**

United States Court of Appeals
Second Circuit.

Argued Sept. 19, 1968.

Decided Nov. 1, 1968.

William Miller, Princeton, N. J. (Gallahue & Perry, New York City), for appellants.

H. Richard Penn, New York City (Bachner, Tally & Mantell, New York City), for appellee Uris Buildings Corp.

Arthur J. Prindle, Town Atty., Town of Orangetown, Orangeburg, N. Y., for appellee Town of Orangetown.

Marshall Rooney, Pearl River, N. Y., for appellee The Irving Trust Co.

Before WATERMAN, SMITH and HAYS, Circuit Judges.

HAYS, Circuit Judge.

On June 26, 1967, defendant Town of Orangetown, a municipal corporation of the State of New York, adopted a local law that rezoned part of the town, including an area contiguous to the New Jersey border, from a residential district of one acre plots to an "office park" district. At the time the local law was passed the land that was rezoned was "mostly wooded and slope[d] up from the Hackensack River to Gilbert Avenue." The zoning ordinance was enacted with a view to making possible the construction of a large office-research complex.

Plaintiffs are the Township of River Vale, a municipal corporation of the State of New Jersey, and individual residents of that township.

We need not consider the claims of the individual plaintiffs because their failure to allege that the amount in controversy exceeds $10,000 renders the complaint jurisdictionally defective as to them. 2A Moore, Federal Practice ¶8.11 (2d ed. 1968). See Arnold v. Troccoli, 344 F.2d 842 (2d Cir. 1965); Boyd v. Clark, 287 F.Supp. 561 (S.D.N.Y.1968) (three-judge court). The dismissal of the complaint of the individual plaintiffs is affirmed.

Since, as the district court ruled, no claim is stated against defendants The Irving Trust Company and Uris Building Corporation, the dismissal of the complaint as to them is also affirmed.

The township alleges that it will be injured by the reduction in revenues which will result from depreciation in the value of River Vale property because of the erection of the office complex, and by the necessity for additional expenditures "to provide for adequate traffic and other related expenses arising from said rezoning;" it seeks damages in excess of $10,000 and declaratory relief.

Defendants moved pursuant to Fed.R.Civ.P. 56 for summary judgment dismissing the complaint for failure to state a claim. The district court dismissed the action for lack of jurisdiction.[1] As applied to the township we reverse that determination.

The township alleges in its complaint that its property "has been and will be depreciated in value without due process of law" and that its constitutional rights have been violated. That allegation, although it could and should have been made more explicit, see 2A Moore, Federal Practice ¶ 8.09[1] (2d ed. 1968), is adequate to invoke the due process clause of the fourteenth amendment. Cf. Miller v. County of Los Angeles, 341 F.2d 964 (9th Cir. 1965).

---

1. In a supplemental memorandum Judge Ryan noted that because he had dismissed the action for lack of jurisdiction, he was without power to grant summary judgment. He added, however, that if the court had had jurisdiction he would have granted summary judgment for defendants.

The Supreme Court has entertained suits attacking local zoning ordinances on fourteenth amendment grounds. In Goldblatt v. Town of Hempstead, 369 U.S. 590, 594–596, 82 S.Ct. 987, 8 L.Ed.2d 130 (1962) the Court accepted "reasonableness" as the constitutional standard. In Nectow v. City of Cambridge, 277 U.S. 183, 188, 48 S.Ct. 447, 448, 72 L.Ed. 842 (1928), the Court held that a zoning restriction "cannot be imposed if it does not bear a substantial relation to the public health, safety, morals, or general welfare." And in Village of Euclid v. Ambler Realty Co., 272 U.S. 365, 395, 47 S.Ct. 114, 121, 71 L.Ed. 303 (1926), the Court stated that to declare a zoning ordinance unconstitutional the ordinance would have to be "clearly arbitrary and unreasonable, having no substantial relation to the public health, safety, morals, or general welfare." [2] Plaintiff has satisfied the requirements of those cases by alleging that the Orangetown zoning law is "arbitrary and capricious" and has adversely affected it.

Appellees contend that the cited cases are not applicable here because the claimant is someone other than a resident of Orangetown. However there is no reason to limit the application of the fourteenth amendment in any such arbitrary manner.

Appellees urge that because the township is a political subdivision of the state it cannot assert rights under the due process clause, citing several cases from the Supreme Court and one from this court. None of these cases is in point. In each of them a municipality was challenging a law of its own state. See Williams v. Mayor & City Council, 289 U.S. 36, 53 S.Ct. 431, 77 L.Ed. 1015 (1933); Risty v. Chicago, R. I. & P. Ry., 270 U.S. 378, 46 S.Ct. 236, 70 L. Ed. 641 (1926); City of Trenton v. New Jersey, 262 U.S. 182, 43 S.Ct. 534, 67 L.Ed. 937, 29 A.L.R. 1471 (1923); Brooklyn & Richmond Ferry Co. v. United States, 167 F.2d 330 (2d Cir. 1948) (challenge by lessee of city); see also Coleman v. Miller, 307 U.S. 433, 441, 59 S.Ct. 972, 83 L.Ed. 1385, 122 A.L.R. 695 (1939). And the basis for the entire line of cases is the statement by the Court in Williams v. Eggleston, 170 U.S. 304, 310, 18 S.Ct. 617, 619, 42 L.Ed. 1047 (1898), that "[a] municipal corporation is, so far as its purely municipal relations are concerned, simply an agency of the state for conducting the affairs of government, and as such it is subject to the control of the legislature." Thus, in Williams v. Mayor & City Council, supra, the Court held, in response to an argument that a state statute denied the city the equal protection of the laws: "A municipal corporation, created by a state for the better ordering of government, has no privileges or .immunities under the federal constitution which it may invoke *in opposition to the will of its creator*." 289 U.S. at 40, 53 S.Ct. at 432 (emphasis added). Here where a municipality challenges the action of a state other than "its creator" the reasoning of the cited cases is inapplicable.

We hold that a municipal corporation like any other corporation is a "person" within the meaning of the fourteenth amendment and is entitled to its protection.

The district court ruled that since plaintiff was not "directly" injured by the zoning ordinance it could not challenge that ordinance. In Nectow v. City of Cambridge, supra, the injury to plaintiff's land occurred when the zoning ordinance restricted it to residential uses although it was substantially more valuable for use in industry. The crux of the issue was whether the zoning ordinance arbitrarily diminished the value of plaintiff's land. Here the claim that reduction in the value of land within

---

2. While Goldblatt v. Town of Hempstead and Nectow v. City of Cambridge were state court cases, Village of Euclid v. Ambler Realty Co. was a federal court case. The jurisdiction of the federal courts in *Euclid* was not an issue in the Supreme Court, and was apparently not seriously challenged in the district court. See 297 F. 307, 310 (N.D.Ohio 1924).

the township with resulting reduction in township revenues alleges a sufficiently direct injury to give the township standing to sue.

The district court considered important for the purpose of determining jurisdiction the fact that the township was in New Jersey whereas the ordinance was adopted in New York. The equal protection clause of the fourteenth amendment is confined to persons within the jurisdiction of the enacting state; the due process clause is not so confined.

Of course we express no opinion on the merits of the plaintiff's claim and it may prove difficult to establish that the challenged zoning ordinance was arbitrary and capricious. But the court has jurisdiction to hear the claim.

We reverse the dismissal by the district court and remand.