270 A.2d 914.

CHARIHO REGIONAL HIGH SCHOOL DISTRICT *vs.* TOWN TREASURER OF THE TOWN OF HOPKINTON.

NOVEMBER 19, 1970.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PER CURIAM. This is a civil action brought by the Chariho Regional High School District created pursuant to the provisions of P. L. 1958, chapter 55, to collect $3,750. This sum represents the defendant town of Hopkinton's proportionate share of operating the Chariho Regional Vocational School for the first quarter of plaintiff's fiscal year commencing July 1, 1967. The assessment in question is purported to have been made in accordance with the formula

proscribed in said chapter 55, and the action is predicated, in essence, on the proposition that the town of Hopkinton having elected to become part of the Chariho Regional District is now obligated to pay its proportionate share.

Answering, defendant averred that the town of Hopkinton was not so obligated for the reasons, *inter alia*, that in the manner provided by the General Assembly for the creation of the Chariho Regional District, as well as the composition of the District's committee members, provided for therein, said chapter 55 is unconstitutional in that it deprives defendant of equal protection of the law.

The case was tried to a Superior Court justice sitting without a jury and he, resolving such constitutional questions adversely to defendant, rendered a decision for plaintiff. From the judgment accordingly entered, defendant seasonably appealed to this court.

In both oral argument and brief, defendant raised before this court the same constitutional questions considered by the Superior Court justice. We, however, are considerably troubled by defendant's standing to challenge the constitutionality of the act in question.

Article XII of the constitution of this state provides in pertinent part:

"Section 1. The diffusion of knowledge, as well as of virtue, among the people, being essential to the preservation of their rights and liberties, it shall be the duty of the general assembly to promote public schools, and to adopt all means which they may deem necessary and proper to secure to the people the advantages and opportunities of education."

The article further provides that:

"The general assembly shall make all necessary provisions by law for carrying this article into effect."

It was unquestionably in furtherance of the duty thus imposed and the authority thus vested that the General

Assembly enacted P. L. 1958, chapter 55. But the defendant town argues that, with regard to the statute under attack, the legislature acted contrary to the constitutional protections laid down in article XIV of amendments to the Constitution of the United States. However, in *City of Providence* v. *Moulton,* 52 R. I. 236, 160 A. 75, citing *City of Trenton* v. *New Jersey,* 262 U. S. 182, 43 S.Ct. 534, 67 L.Ed. 937, which latter case has been consistently followed and cited with approval in *Township of River Vale* v. *Town of Orangetown,* 403 F.2d 684, this court held that the equal protection clause of article XIV, section 1, of the amendments to the Constitution of the United States, cannot be invoked by a city against its state.

In consequence of this principle, we have concluded that in the interest of a fair consideration of appellant's basic premise, it is both advisable and desirable to have the parties brief and orally argue defendant Hopkinton's standing to raise the constitutional contentions heretofore advanced in support of its appeal.

It is therefore ordered that appellant file its brief in the office of the clerk of this court on or before January 4, 1971, and appellee file its brief on or before January 25, 1971. The briefs having been thus filed, the case will be assigned to the argument calendar by the clerk in due course.

*James O. Watts,* for plaintiff.

*Edward M. Botelle, Z. Hershel Smith* for Town of Hopkinton; *Archibald B. Kenyon, Jr.,* Town Solicitor, for defendant.