*New-London,* July, 1837.

Fitch
*v.*
Boardman.

———◆———

## FITCH *against* BOARDMAN and another.

Where the defendant, in an action by the holder of a note not negotiable, against the payee, alleging that the defendant had assigned it to the plaintiff, and had afterwards withdrawn a suit brought by the plaintiff, in the name of the payee, against the maker, and had thereby defeated the collection of the note, offered the maker, as a witness, to prove, that he had paid the note to the payee, previous to the alleged assignment, and that it had never been in fact assigned to the plaintiff; it was held, that such witness had no interest in the event of the suit, and was, therefore, competent.

THIS was an action on the case, for an unlawful interference, by the defendants, in the collection of a note not negotiable, made by *Peter Avery*, payable to the defendants, and by them assigned, for a valuable consideration, to the plaintiff. The declaration averred, that the plaintiff having, as owner, the right and authority to sue and collect said note, in the

New-London, name of the defendants, for his own benefit, without any inter-
July, 1837. ference of the defendants, commenced a suit on said note, in
Fitch      their name, against said *Avery*, by a writ legally served and
v.
Boardman.  returned to the county court, from which, by legal removes, it
came to the superior court holden at *Haddam* in *Middlesex*
county, on the fourth *Tuesday* of *August*, 1835; when and
where the plaintiff was prosecuting said cause for his own bene-
fit; and the defendants, contrary to the mind and will of the
plaintiff, and without law or right, knowingly, wilfully and
wrongfully appeared in said court, and withdrew said cause;
whereby the plaintiff was entirely prevented from further prose-
cuting the same.

The cause was tried at *Norwich, March* term, 1837, before
*Williams*, Ch. J.

On the trial, the defendants offered *Peter Avery*, the maker
of the note, as a witness, to prove, that he paid it to the defend-
ants, while they held and owned it; and that it was never sold
or assigned to the plaintiff. To the admission of this witness
the plaintiff objected; but the court admitted him; and he tes-
tified to the facts offered to be proved. The defendants obtain-
ed a verdict; and the plaintiff thereupon moved for a new trial.

*Brainard*, in support of the motion, contended, That the
maker of the note was an incompetent witness, by reason of in-
terest in the event of the suit. He has the same interest that
he would have had in an action against him on the note. He
is the party ultimately liable—the real party in interest. The
assignors have defeated the holder, in the suit brought by him,
in their names, against the maker. If the maker may now
come in as a witness, and defeat this suit against the assignors,
he gets rid of the note altogether, and the holder is remediless.
If the defendants are subjected in this suit, they can recover
against the maker, either in an action for money paid for his
use, or in a suit on the note. *Peyton* v. *Hallet*, 1 *Caines* 364.

*Isham*, contra, was stopped by the Court.

HUNTINGTON, J. The principles which govern courts in
the decision of questions respecting the competency of witness-
es on account of interest, are now well established, and in gen-
eral, are of easy application. If the witness will not gain or
lose, by the event of the cause in which it is proposed to examine

him, or if the verdict or judgment cannot be given in evidence *New-London,* for or against him in another suit, the objection does not go to July, 1837. his competency, although his situation in respect to the party by whom he is called, or the subject matter of the suit, may affect his credit. It may be th re are some technical exceptions to this rule, but its correctness, in its general application, and where it has not been varied by legislative enactments, cannot be questioned. The ancient rules of evidence on this subject, have been much narrowed in modern times. Courts have, very properly, confined the objection, as far as practicable, to the credit of the witness; and in *Great-Britain,* by a recent statute, (3 and 4 *Will.* 4.) he is made a competent witness where the ground of the objection is, merely, that the verdict or judgment would be admissible in evidence for or against him; but in such case, the verdict or judgment in favour of or against the party on whose behalf he is examined, cannot be received in evidence, in favour of or against the witness, or any one claiming under him. So also interested witnesses are sometimes admitted, *ex necessitate rei,* from the impossibility of procuring other testimony. The rule of the common law to which we have referred, is, however, of general application; and is founded on principles so eminently just, as to require no laboured argument to sustain it; and is so fully supported by authority, as to need no further precedents to give it a legal sanction.

Fitch
*v.*
Boardman.

In applying this rule to the case before us, we have not felt the slightest difficulty. The witness, who was the maker of the note, was called to testify to two facts material to the defence, *viz.,* that the note had been paid by him to the promisees, previous to any pretended assignment; and that it was never, in fact, sold or assigned to the plaintiff. An objection was taken to his competency, on the ground of interest; but the court below admitted him. We have not been able to discover the least foundation for this objection. The witness was perfectly indifferent as to the result of the suit. Whether it terminated favourably or adversely to the defendants, could not, in the remotest degree, affect him. He was not a party to the record; and no immediate gain or loss to him, would follow its determination. He had no pecuniary interest depending on its result. If the defence failed, no execution could issue against him; nor would it give the defendants any new cause of action against him. If it prevailed, the plaintiff might

New-London,
July, 1837.

Fitch
v
Boardman.

still pursue his legal remedy against the witness, either on the note, or if the facts would justify it, in an action founded on a fraudulent combination with the defendants to procure the original suit to be discontinued.   He could not use the verdict and judgment, as evidence for him, nor could it be used against him.   If they were for the defendants, the note would still remain in the possession of the plaintiff, who might enforce it, if upon proper proof, it should appear to impose a legal obligation upon the witness : and the law which subjects the promisee of a note not negotiable, who, after assigning it, withdraws a suit commenced upon it, in his name, in fraud of the rights of the assignee, also subjects the maker, who participates in such a fraud, by co-operation with the promisee.   Both these remedies continue open to the plaintiff, notwithstanding the defendants have obtained a verdict and judgment.   The legal situation of the witness would not be varied, by the result of the suit.   By its determination, he would not acquire a right, or incur a liability, which did not exist before.   It is impossible, therefore, to discover the slightest interest, which the witness had in the event of the present suit.

It was said, however, that the remedies suggested, would be nominal merely, and no practical benefit to the plaintiff; for if a suit should be commenced, the present defendants would be competent witnesses, to testify to the same facts to which the witness in the case before us was called ; and that by such means, a fraudulent combination between the defendants and the witness, would always be successful.   This argument is predicated upon an inadmissible supposition.   It assumes, that the witnesses will be guilty of perjury, although they have no interest to commit such an offence ; and it seeks to establish a new rule of evidence, which has for its basis, either the exploded doctrine that an interest *in the question*, or the doctrine that no interest at all, renders a witness incompetent.   When witnesses are legally competent, courts do not speculate in advance upon their moral honesty or delinquency.   They do not enquire whether it is more probable they will speak the truth, than falsehood.   The situation, demeanour, and all other matters proper to be considered in reference to the credit to be given to the witnesses, are open to observation and comment.   If they are not legally disqualified, their testimony is to be received, whatever opinions may be entertained in regard to its truth or falsehood.

It was also urged, that the witness should have been exclu-

ded, because in no other way, can the assignee of paper not negotiable be protected. It was said, if the nominal plaintiff can withdraw a suit commenced (as it must be) in his name, and when sued for the fraud, can use the maker as a witness, a recovery can always be defeated. This is only presenting the same argument which we have before examined, in another form. It assumes the facts of a fraudulent combination between the maker and promisee, of perjury on the part of the witness, and of certain loss to the plaintiff. All these presumptions are legally inadmissible, when applied to the question of competency : and it seems to us, the argument of the plaintiff was designed rather to expose objections against the rule which allows a nominal plaintiff to withdraw a suit, to the prejudice of the party in interest, than to suggest reasons showing the incompetency of the witness in the case before us. With that rule, we have, at present, no concern. Whether in its operation it defeats the rights of *bona fide* assignees, and ought to be abrogated, is not now a subject of enquiry. It is, however, proper to remark, that it has been, for a long period, the settled law of this state, and should not, for slight reasons, be changed. *Bulkley* & al. v. *Landon* & al. 3 *Conn. Rep.* 76.—per *Hosmer*, Ch. J. *pp.* 81, 82. It cannot certainly have any bearing upon the question of the competency of the witness. It creates in him no interest in the event of the present suit. If it had been abrogated, it might indeed have made this suit unnecessary ; but it could not change the relative situation of the witness, nor confer upon him a benefit, nor occasion to him a loss, nor vary his legal condition with reference to the controversy between the parties before the court.

We refer to a few of the many cases supporting the decision of the court below, which is all we think it necessary to add on the question arising upon the present motion. *Thomas* v. *Pearse,* 5 *Price* 547. *Smith* v. *Downs,* 6 *Conn. Rep.* 365. *Newell* v. *Hoadley,* 7 *Conn. Rep.* 381. *Hall* v. *Hale,* 7 *Conn. Rep.* 337. *Wadhams* v. *Litchfield and Canaan Turnpike Company,* 10 *Conn. Rep.* 516.

The witness was properly admitted ; and no new trial is advised.

In this opinion the other Judges concurred, except CHURCH, J., who was absent when the case was argued, and gave no opinion.

New trial not to be granted.