## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

### RAVEN RED ASH COAL CORPORATION, ET AL. v. HENRY ABSHER.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Sinnott, May & Leaman*, for the plaintiffs in error.

No appearance for the defendant in error.

HOLT, J., delivered the opinion of the court.

In this case the Raven Red Ash Coal Corporation was the employer, The Maryland Casualty Company was the insurance carrier, and Henry Absher, an employee of the coal company, was claimant before the Industrial Commission.

On March 18, 1922, this claimant, while in the course of employment, was injured and for the time being totally disabled. Thereupon he entered into a compensation agreement with the employer, subsequently approved by the Commission, under which he was to receive from the coal company, during the period of total disability, $10.00 a week.

In accordance therewith, he was so paid from March 18, 1922, up to and including February 6, 1923, or for a period of forty-six and four-seventh weeks. On February 7, 1923, he appeared to have recovered and resumed work, and this was the situation up to and including January 23, 1925, or for a period of 102 and three-seventh weeks. On January 24, 1925, there was a recurrence of total disability and compensation theretofore agreed upon was paid up to and including April 5, 1925, or for ten and two-seventh weeks. On April 6, 1925, he resumed work and continued work up to and including May 11, 1925, or for a period of five and one-seventh weeks. On May 12, 1925, he again became totally disabled and so remained until December 4, 1926, or for a period of eighty-one and five-

seventh weeks. During this time compensation of $10.00 a week was duly paid. On December 5, 1926, under a supplemental agreement approved by the Commission, he again went to work and was then paid $7.50 a week for partial disability. Compensation at this rate was regularly paid up to December 7, 1927, when it was discontinued because the three hundred weeks provided for in section 31 of the workmen's compensation law (Acts 1918, chapter 400, section 31, as amended by Acts 1920, chapter 176, and re-enacted by Acts 1926, chapter 7) had elapsed, and on December 13, 1927, this claimant executed a final receipt. Up to that time there had been paid to him $1,789.65.

He was still partially disabled, and applied to the Commission for additional relief. From the date of his injuries to that on which payments ceased, there were 107 and four-seventh weeks in the aggregate during which he had been paid nothing, as is shown by the statement which we have made, the reason therefor being that he, during those periods, appeared to have recovered, although this in fact was not true.

If he was entitled to be paid for three hundred weeks, the award of the Commission is correct. If the right to rec  er expired by limitation three hundred weeks from the date of the injury, it was erroneous. Therefore, it becomes necessary to determine what is a proper construction of said section 31 of the workmen's compensation law, which provides:

"Except as otherwise provided in the next section hereafter, where the incapacity for work resulting from the injury is partial, the employer shall pay, or cause to be paid, as hereinafter provided, to the injured employee during such incapacity a weekly compensation equal to fifty per centum of the difference between his average weekly wages before the

injury and the average weekly wages which he is able to earn thereafter, but no more than twelve dollars a week, and in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury. In case the partial incapacity begins after a period of total incapacity, the latter period shall be deducted from the maximum period herein allowed for partial incapacity."

█ This statute is highly remedial and should be liberally construed, and the judgment of our painstaking and able Commission is entitled to the utmost consideration; but the employer and the insurance carrier are entitled to fair consideration also.

█ Of course, it is competent for the legislature to say that in such circumstances compensation should be paid for three hundred weeks, but that was not done. The statute states that "in no case shall the period covered by such compensation be greater than three hundred weeks from the date of the injury." If this be construed to give to the employee unconditional compensation for three hundred weeks, then the phrase "from the date of the injury" is meaningless. This violates a fundamental rule of construction. Every part of an act is presumed to be of some effect and is not to be treated as meaningless unless absolutely necessary.

Uncertainty and confusion would follow if the judgment were upheld. Indeed, it would be difficult to say when liability would end. If a man was totally disabled temporarily and on account thereof was paid compensation for a year, and then apparently made a complete recovery, he might forty years afterwards, if partial disability developed from his original injury, again successfully apply for relief. Such a liability, so

remote in point of time, should not readily be enforced unless the statute makes it clear.

In *Johnson* v. *Iverson*, 175 Minn. 319, 221 N. W. 65, 67, 222 N. W. 508, Supreme Court of Minnesota, decided September 28, 1928, it appears that the claimant, a carpenter, was injured on November 20, 1920, and was temporarily totally disabled. Compensation was voluntarily paid him for thirty-one and one-third weeks. He partially recovered and returned to work on July 6, 1921. Compensation ceased as of July 5, 1921. A few days later a settlement petition and release was presented to him for signature and refused, on the ground that he had not fully recovered. He continued to work, however, until January, 1925, although his disability increased from October, 1924, and after January, 1925, he discontinued work, and on February 6, 1925, he consulted a physician and was sent to a hospital for observation and treatment. He was operated on September 1st, and remained there until April, 1926. His recovery was not complete, his disability, in the opinion of the physician, was fifty per centum of his normal capacity for employment, which partial disability was permanent. There was an award of compensation for a period of 268 weeks from February 1, 1925, which extended the time for compensation far beyond a period of 300 weeks from the date of the accident. That period would have expired on August 26, 1926. The court said:

"Plaintiff was injured, as stated, on November 20, 1920. His compensation commenced November 27, 1920 Under the compensation law, his injury resulting finally in permanent partial disability, he was entitled to weekly compensation to continue during disability, not, however, 'beyond 300 weeks.' This provision is a limitation as to the time beyond which

compensation shall not be paid. We have not been referred to any case in this State construing this provision as it relates to the question here presented. The 300 weeks' period, counting from November 27, 1920, expired August 26, 1926. The court allowed compensation for 268 and one-half weeks, commencing February 1, 1925, thus extending the time far beyond the 300 weeks period. The case of *Carlson* v. *Avery*, 196 Ill. App. 262, is cited. In that case disability did not occur until some considerable time after the injury. It was held that the employee might recover compensation from the time disability occurred up to the end of, but not beyond, the period for which compensation was allowed by the Illinois law. The precise point was not much considered, however, because no claim was made for allowance beyond such period. Uncertainty and confusion would result in the administration of the compensation law if it were held that temporary interruptions from time to time, during which no compensation was owing or paid, would operate to extend the period for payment of compensation beyond the 300 weeks limit."

The Minnesota statute (Gen. St. 1923), under which this case was decided, reads in part as follows:

"Section 4274 (a). "This compensation shall be paid during the period of such disability (referring to temporary total disability), not, however, beyond three hundred weeks payment to be made in intervals when wage was payable, as nearly as may be."

Section 4274 (b). "This compensation shall be paid during the period of such disability (referring to temporary partial disability), not, however, beyond three hundred weeks, payment to be made at the intervals

when the wage was payable, as nearly as may be, and subject to the same maximum as stated in clause 'A'."

Section 31 of our statute is certainly not less favorable to appellants than this Minnesota law.

We hold that no payment can be demanded after 300 weeks from the date of the injury.

The judgment and award of the Industrial Commission will be reversed, and final judgment entered here for the appellants.

*Reversed.*