## 𝔖𝔱𝔞𝔲𝔫𝔱𝔬𝔫.

### W. M. RITTER LUMBER COMPANY, ET AL. V. ROBERT PERRY.

September 19, 1929.

Absent, West, J.

The opinion states the case.

*Wallace Anderson* and *Sinnott, May & Leaman,* for the plaintiffs in error.

No appearance for the defendant in error.

HOLT, J., delivered the opinion of the court.

In this case W. M. Ritter Lumber Company, a corporation, was the employer. Employer's Liability Assurance Corporation was the insurance carrier and Robert Perry, an employee of the lumber company, was claimant before the Industrial Commission.

Perry was injured on April 21, 1922, and temporarily was totally disabled. On May 13, 1922, he entered into

an agreement with the insurance carrier for the payment of temporary total compensation at the rate of $9.00 a week, during the continuance of such disability, which agreement was approved by the Industrial Commission on May 16, 1922. Compensation was paid up to March 7, 1923, on which date the Industrial Commission, on the application of the employer, declined to allow further compensation because it was of the opinion that the employee was able to return to work. He received no more compensation until July 9, 1928, when the Commission, as the result of a hearing of an application by Perry, made this award: "To Robert Perry, $4.50 per week beginning February 15, 1928, to continue for a period not to exceed three hundred (300) weeks from date of accident, unless subsequent conditions require a modification; all past due compensation to be paid upon a receipt of this award and payments made regularly every four weeks thereafter."

This compensation was regularly paid until 300 weeks from the date of the injury had passed. Afterwards and on December 15, 1928, the Commission issued an award requiring the employer and the insurance carrier to continue these payments for a period of 300 weeks beginning on February 15, 1928, subject to credit by the number of weekly payments already made. In other words the Commission was of opinion that the claimant was entitled to be paid for 300 weeks and not to payments which should end when 300 weeks from the date of the injury had elapsed.

From this it appears that the same question is here presented for determination that arose in the case of *Raven Red Ash Coal Corp. et al.* v. *Henry Absher*, this day decided. See *ante*, page 332, 149 S. E. 541. For

reasons there stated we are of opinion that this last or supplemental order is erroneous.

The judgment and award of the Industrial Commission will be reversed and the case dismissed, and it is so ordered.

*Reversed.*