FRED S. BROWN *vs.* HENRY C. GOODWIN, ADMINISTRATOR.

First Judicial District, Hartford, October Term, 1929.
WHEELER, C. J., MALTBIE, HAINES, HINMAN and BANKS, Js.

Argued October 1st—decided November 7th, 1929.

*Walter Holcomb,* for the appellant (defendant).

*Thomas J. Wall,* for the appellee (plaintiff).

BANKS, J. Plaintiff was a neighbor of defendant's intestate, Catlin, who was a cripple and lived entirely alone, and after his death presented a claim against his estate for services claimed to have been rendered him covering a period of three years prior to his death. The defense was that any services rendered by the plaintiff were voluntary and without expectation or promise of payment. The appellant seeks to have the finding corrected by adding thereto the statement of the claims of law set forth in his request for a finding and by striking out certain portions of the finding stating facts which the plaintiff claimed to have proven. In the case of a jury trial ordinarily the errors claimed relate to the charge, or to rulings upon evidence or to the ruling of the court upon some motion made upon the trial. Such is the case here and the finding fully sets forth the questions of law arising upon the trial. Section 18 of the Rules of the Supreme Court (Practice Book, p. 311) which provides that the finding shall contain the claims of law substantially as stated in the request for a finding, applies only to findings made in causes tried to the court. The motion to strike out certain paragraphs of the finding involves a misconception of the nature of the finding in a jury trial. It is merely a narrative of the facts claimed to have been proved on either side, made for the purpose of fairly presenting any claimed errors in the charge or rulings of the court. It will not be corrected merely to secure

a meticulous accuracy as to details in the claims of proof. *State* v. *Gargano,* 99 Conn. 103, 106, 121 Atl. 657. The finding as filed fairly presents the claimed errors in law, and, as pointed out by the trial court, the printing of the extensive evidence incorporated in the bill of exceptions was unnecessary.

Error is predicated upon certain rulings on evidence, the refusal to comply with certain requests to charge, and the charge as given. In so far as the requests to charge embodied instructions which it was the duty of the court to give the jury they were sufficiently covered by the charge as given. The other claimed errors, and those upon which the appellant chiefly relies, have to do with the admission in evidence of a certain document, plaintiff's Exhibit A, and the charge of the court as to the consideration to be given it by the jury. The document in question was in the handwriting of Catlin and signed by him, and purported to be a will leaving all his property to the plaintiff. It was dated two days before his death and was not witnessed and was not offered for probate as a will. The document was clearly admissible in evidence as a memorandum of a deceased person (General Statutes, § 5735) if it was relevant to the matter in issue. One of the issues here was whether the services of the plaintiff were rendered gratuitously or with the expectation on his part and on that of Catlin that they were to be paid for. Any statement by the latter, written or oral, which tended to prove that he recognized an obligation to pay for plaintiff's services and intended to do so by will or otherwise, was admissible in evidence as a relevant fact. The plaintiff testified, over the objection of the defendant, that Catlin wanted to pay him for his services and had requested a bill, and in conversations relating to the payment of the plaintiff had discussed making a will and said he wanted to make one. This

evidence was admissible as an oral statement of the deceased and the abortive will was also admissible as a written memorandum of the deceased in support of the inference that the jury were entitled to draw from the evidence that Catlin recognized his obligation and intended and attempted to cancel it by making a will in favor of the plaintiff. It was not necessary, to make the writing relevant, that it should state that the bequest therein made to the plaintiff was in payment for services rendered. The existence of the instrument was a relevant fact upon the issue of intention and it was for the jury to determine the weight to be given it in that connection.

The court charged the jury with regard to this instrument as follows: "It is a written memorandum by the deceased, and is admissible in evidence under our statute, but in considering it you are cautioned that any such evidence must be scrutinized with care. You must, before giving it any weight, be satisfied that it is relevant to the claim which the plaintiff is now pressing, that the deceased intended by it to show an intention to pay the plaintiff for the specific services for which the plaintiff now claims payment, and if you do not so find you are particularly and emphatically cautioned to give it no weight or consideration whatever; dismiss it from your minds entirely." The appellant takes exception to this portion of the charge on the ground that it submits to the jury a question of the construction of a will. The question submitted to the jury was not as to the construction to be given to the language used in the instrument—there was no doubt about that—but as to the weight to be given to the fact that Catlin had made an attempt to dispose of his estate in favor of the plaintiff, in connection with the latter's claim that Catlin intended to compensate him for his services. The court, in warning the jury to con-

fine their consideration of the instrument to its bearing upon this claim of the plaintiff, told them that they must "be satisfied that it is relevant to the claim," thus inadvertently submitting to the jury the question of its relevancy, upon which the court had already ruled. The appellant, who was claiming that the document was not relevant, could not well object to this clause in the charge which submitted to the jury a question already ruled against him by the court. If the jury found that the instrument was relevant they followed the ruling of the court, and if they found it was not relevant they could not, under the charge, give it any consideration in reaching their verdict, and therefore the charge did the appellant no harm.

There is no error.

In this opinion the other judges concurred.