# Staunton

## Ernest Staats v. Town of Vienna.

September 11, 1936.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*Emery N. Hosmer* and *John Locke Green*, for the appellant.

*John W. Rust*, for the appellee.

BROWNING, J., delivered the opinion of the court.

The evidence in this case discloses the following facts:

That Staats, the appellant and claimant, was requested, on January 24, 1935, by Joseph Berry, one of the members of the road committee of the town of Vienna, the appellee, to

clear the snow from the streets, "if he could get this plow back of his truck and if he could to get the snow off the road"; that Staats owned a Ford automobile and truck; that the town owned a snow plow that was made for a tractor; that Staats took the snow plow and certain clamps or irons to White-zell's shop at Oakton, a village about two and a half miles from the town, for the purpose of having them attached to his truck; that Charles Ellis, who had been working for the town that morning, shovelling snow, went with him; that this trip to Whitezell's shop was made in the morning, and that from there Staats and Ellis went to Staats' home, at Vienna, in the Ford automobile, which he had used to take the plow and clamps to the shop; that he and Ellis had lunch at his house, after which they sat by the fire, before going out to work on Staat's truck, to get it started; the truck had been sitting out in the weather about two feet from the window of the building in which Staats lived, and which he fell through; it was cold and somewhat difficult to start; Staats and Ellis, after lunch and after sitting awhile by the fire, went out to do what was necessary to start the truck running, preliminary to starting the work which he, Staats, was engaged to do; Staats was standing on the bumper of the truck pouring hot water into the same when he slipped and fell, passing through the window of his dwelling, which resulted in cutting one of his eyes seriously enough to necessitate its removal.

Staats filed his claim before the Industrial Commission against the town under the Workmen's Compensation Act of the Code of Virginia, 1930, section 1887(1) et seq., as amended.

A hearing was had before Chairman Deans at Fairfax, on July 3, 1935, and on September 5, 1935, a decision was rendered by the chairman denying Staats' claim on the ground that the evidence did not establish the fact that the accident arose in the course of the claimant's employment, "he being at his home for the purpose of partaking of his lunch."

On November 8, 1935, a review of the case was had before the full Commission, at Richmond, Virginia, and on November

15, 1935, the full Commission affirmed the findings of fact by Deans, chairman, and the application of the claimant was dismissed from the docket.

The claimant in a well prepared and considered brief insists that the accident arose out of the claimant's employment.

The claimant's own testimony, we think, justified the findings and action of the Industrial Commission.

The claimant testified that he was charging 40 cents per hour before lunch for himself and his Ford automobile and that he was to receive $2 per hour when he began moving the snow from the street with his truck and the plow.

His testimony on this point is as follows:

"Q. You charged them 40 cents an hour while eating lunch?
A. No, sir.
Q. When did 40 cents stop?
A. After I went out to go to work, after that I didn't bother, I had been sitting back by fire.
Q. The question of it is, you drew 40 cents an hour for time you went up to Mr. Whitezell's?
A. Yes, sir.
Q. You came back, when would you say that 40 cents an hour stopped?
A. Well, just as soon as time for it to stop.
Q. What time was for it to stop, you see thing I am getting at?
A. At 12:00 o'clock.
Q. What time did this accident occur?
A. Occurred at 12:00 o'clock.
Q. Right at 12:00 o'clock?
A. Yes, sir, right at 12:00 o'clock."

The evidence makes it plain that Staats had received no compensation at all for the use of his Ford automobile on the morning of the day of the accident, but that he was paid $2 per hour for the use of his truck in removing the snow from the streets. The truck was driven at the time by one Dimsey. This was after the accident. It further shows that the claimant and Ellis went to claimant's home for lunch and after having lunch the accident occurred as has been described.

We are in agreement with the town in its asserted position that it was not its duty to put Staats' truck in condition for its operation; that the terms of hire were by the hour and that the employment began when the truck was in operative condition and on the streets and ready for use.

We refer to the following authorities as apposite and controlling in the case in judgment. *Drefus & Co. v. Meade*, 142 Va. 567, 129 S. E. 336; *Taylor v. Binswanger & Co.*, 130 Va. 545, 107 S. E. 649; *Kingery v. People's Ice & Storage Co.*, 160 Va. 290, 168 S. E. 927; *Raven Red Ash Coal Corp. v. Absher*, 153 Va. 332, 149 S. E. 541; *Crews v. Moseley Bros.*, 148 Va. 125, 138 S. E. 494.

It follows from what we have said that we affirm the action and findings of the Industrial Commission.

*Affirmed.*