AMELIA ORICO *v.* SAMUEL WILLIAMS, SR., ET AL.

BROWN, C. J., BALDWIN, INGLIS, O'SULLIVAN and QUINLAN, Js.

Argued April 8—decided May 19, 1953

*Vincent Villano,* for the appellant (plaintiff).

*John E. McNerney,* with whom, on the brief, were *Francis J. Moran* and *Albert R. Moquet,* for the appellees (defendants).

QUINLAN, J. From the plaintiff's claims of proof as corrected, the defendant having offered no evidence, it appears that on the evening of September 2, 1949, the plaintiff was riding as a passenger on the rear seat of an automobile owned and maintained by the named defendant as a family car and driven by his son, the other defendant, within the scope of his authority. While driving westerly on Putnam

Avenue near its junction with Carleton Street in Hamden, the defendant driver decided to turn the car around. At that point a driveway led from the northerly side of Putnam Avenue across the curb line and public sidewalk into the adjoining private premises. A tree two feet in diameter stood about one foot north of the curb, just east of the driveway. There was a light almost directly across the street. In attempting to back into the driveway to turn the car around, the defendant driver caused the left end of the rear bumper to come into violent contact with the tree. At the time, the plaintiff, as she sat on the right side of the rear seat, was trying to relax, with her eyes closed and her head resting on the top of the back of the seat. The impact was sufficient to throw her whole body forward against the back of the front seat, causing the injuries complained of. It also did substantial damage to the left end of the rear bumper and the car's trunk, on which there was an imprint of the tree. The night was clear and there was no other traffic on Putnam Avenue at the time. No map or photograph was offered in evidence. The plaintiff relied upon the inferences to be drawn from these facts, in connection with express testimony that the car "shot back" just prior to striking the tree, to sustain her claim of negligence. There were no eyewitnesses other than the plaintiff and the defendant driver.

The plaintiff has assigned error in the court's refusal to make certain corrections in and additions to the finding. The finding in a case tried to the jury "is merely a narrative of the facts claimed to have been proved on either side, made for the purpose of fairly presenting any claimed errors in the charge or rulings of the court. It will not be corrected merely to secure a meticulous accuracy as to details. . . ."

*Brown* v. *Goodwin,* 110 Conn. 217, 218, 147 A. 673;
*Fierberg* v. *Whitcomb,* 119 Conn. 390, 392, 177 A. 135.
The finding, with a single correction as to the location of the tree, sufficiently presents the two claimed
errors in the charge which we regard as determinative of the appeal. The first relates to the court's
charge in regard to inferences.

After instructing the jury that it was their sole
province to deal with the evidence, the court charged:
"By the evidence of course I mean not only the testimony of the witnesses but any exhibits that have been
offered, and any reasonable inferences which you can
draw therefrom." The court itself, in the absence of
the jury, and while discussing the exceptions to the
charge, stressed the importance of inferences in the
case, but in no way, other than through the above
reference to "reasonable inferences," did the court
define or comment upon them, nor did it illustrate to
the jury their place and function in the case. "Courts
must necessarily rely on circumstantial evidence in
many cases and may draw reasonable and logical
inferences from facts existing prior to or subsequent
to an event for the purpose of reaching a conclusion
of fact." *Shaughnessy* v. *Morrison,* 116 Conn. 661,
664, 165 A. 553; *Weidlich* v. *New York, N.H. & H.R.
Co.,* 93 Conn. 438, 445, 106 A. 323; *Ruerat* v. *Stevens,*
113 Conn. 333, 338, 155 A. 219. The case was one
which particularly called for an instruction on circumstantial evidence with relation to the claimed
negligence of the defendant driver in backing the
car. *LeBlanc* v. *Grillo,* 129 Conn. 378, 381, 28 A.2d
127; *Esserman* v. *Madden,* 123 Conn. 386, 388, 195 A.
739; *Doherty* v. *Connecticut Co.,* 133 Conn. 469, 477,
52 A.2d 436.

The plaintiff excepted to the charge on that
ground. Among the physical facts which might have

been mentioned was the extent of damage to the automobile and to the tree, the size of the tree. the fact as to its location on the right of the driveway as one entered it, the location of the car after the impact when the parties alighted, as indicative that the backing occurred on the highway, and the force and effect of the impact upon the plaintiff. Since the defendant offered no evidence, the instructions must be considered in the light of the maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other to have contradicted. *Cupo* v. *Royal Ins. Co.,* 101 Conn. 586, 592, 126 A. 844. Proper instructions concerning the drawing of inferences from circumstantial evidence were of paramount importance.

The potential prejudice to the plaintiff by reason of the court's failure to give such instructions in the present action, where, as pointed out above, her case depended almost entirely on circumstantial evidence, is further indicated by two other excerpts from the charge. The court, after referring to the alleged negligence of the defendant driver in failing to see the tree and to have the car under proper control, continued: "Of course, the mere fact that he collided with the tree is not negligence. There must be a showing on the part of the plaintiff, by a fair preponderance of the evidence, of some negligent act. . . ." Technically correct though this statement may have been, it fell short of a sufficient charge in this connection, in view of the nature of the plaintiff's evidence and particularly in the light of the plaintiff's explicit exception. A subsequent instruction by the court further emphasized and aggravated the effect of this insufficiency by the following reference to the testimony of the plaintiff as to what the driver did:

"I think she said that he gave it the gas . . . and it shot back, and then there was the collision with the tree. But as to any other conduct of the driver, beyond the testimony of the plaintiff's father that the driver said he did not see the tree, I don't think there is anything in the evidence to indicate just what his actions were; whether he turned to look or whether he didn't turn to look, or what he did." Considering the charge in its entirety, we conclude that the court's failure to give the jury adequate instructions upon circumstantial evidence and the inferences to be drawn therefrom constituted reversible error.

Section 2408 of the General Statutes reads: "(a) No person shall operate any motor vehicle upon any public highway of the state recklessly, having regard to the width, traffic and use of such highway . . . ." The complaint alleged that the defendant operator was negligent under the terms of this statute, which were expressly recited; it further alleged and reiterated that the car was backed at a "reckless rate of speed." Section 2407 forbids the "operation of a motor vehicle upon any highway at such a rate of speed as to endanger the life of any occupant of such motor vehicle." The complaint alleged a violation of this statute as negligence. The court charged in effect that there could be no recovery under any of these allegations. In stating its reason for so charging, the court said, in substance, that the jury should ignore the allegations of "reckless driving,—because there is nothing in the evidence here, I think, which would enable you to determine whether or not this occurred upon a public highway and not on private property. And the statute of our State concerning reckless driving applies only to the operation of a motor vehicle on a public highway."

The court, under the misapprehension that there

was no evidence that the car was being operated on the public highway at the time, erred in refusing to submit to the jury, as a ground of liability under the complaint, the reckless conduct of the defendant driver. According to the plaintiff's claims of proof, the car was on the public highway while backing as it did.

There is error, the judgment is set aside and a new trial is ordered.

In this opinion BROWN, C. J., BALDWIN and O'SULLIVAN, Js., concurred; INGLIS, J., concurred in the result.