[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Christopher Colon, filed a one count complaint alleging that Colon's employment with the defendant, New England Redemption of Connecticut, Inc., (NEROC), was terminated in violation of General Statutes § 31-290[1] because he had filed a worker's compensation claim against NEROC.
A hearing was held before an attorney trial referee. The referee filed his finding, but inadvertently did not consider the post-trial CT Page 8781 memoranda of law that had been filed with the court by both parties but not submitted to the referee. At the request of the referee, the court (Spear, J.) ordered the parties to submit their post-trial memoranda to the referee so that he could render a new finding.
In accordance with Judge Spear's ruling, the referee filed a new finding. NEROC submitted to the referee a motion to correct the referee's findings pursuant to Practice Book § 438.[2] NEROC also filed with the court a pleading entitled "Exceptions and Objection to Acceptance of Trial Referee's Report," and subsequently sent a letter to the court enclosing a transcript of an excerpt of Colon's testimony before the referee. The letter explained that NEROC had intended to attach the partial transcript to its exceptions and objection to acceptance of the trial referee's report. NEROC did not file the transcript of any other portion of the hearing.
NEROC's post-trial motions essentially allege that Colon failed to produce evidence that NEROC discharged him because of his exercise of rights afforded to him pursuant to the Workers' Compensation Act, but rather that NEROC discharged him due to his tardiness, his absence from work, or both. The exceptions and objection to acceptance of the report claim that (1) no evidence existed to support the referee's imposition of a duty upon NEROC to warn Colon about his tardiness; (2) Colon failed to produce any evidence that his discharge was motivated by his exercise of rights under the Workers' Compensation Act; (3) the record does not support the referee's finding that Colon' employment was terminated because of an injury he suffered on the job and his subsequent attempts to seek time off; (4) the evidence does not support the referee's finding that Colon could have returned to work on April 9, 1991; (5) the referee's award of attorney's fees was not supported by the evidence, and exceeded the referee's role as a finder of fact.[3]
Colon also filed exceptions to the referee's finding and an objection to acceptance of the referee's report. Colon's sole objection concerns the referee's finding that Colon worked an average of 41.1 hours per week between June of 1990 and January of 1994.
The referee filed with the court a corrected trial referee's finding that incorporated some of the modifications proposed by NEROC in its motion to correct.
"The reports of [attorney trial] referees are . . . `reviewable in accordance with well established procedures prior to the rendition of judgment by the court. Practice Book §§ 428 through CT Page 8782 445. Dills v. Enfield, 210 Conn. 705, 712-13, 557 A.2d 515 (1989). The attorney trial referee sits as a finder of fact. NationalElevator Industry Pension, Welfare Education Fund v. Scrivani,31 Conn. App. 728, 733, 626 A.2d 1332 (1993). Although the court may "upon its own motion add a fact which is admitted or undisputed or strike out a fact improperly found"; Practice Book § 443; "the court [cannot] find additional facts or reject others `unless a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its real meaning does not appear.'" Dills v.Enfield, supra, 210 Conn. 714. "As provided in Practice Book § 434, a referee's determinations of law in his or her report are not binding on the court." Id. 712-13. "[T]he trial court has the power to render whatever judgment appropriately follows, as a matter of law, from the facts found by the attorney trial referee." Id. 713.
 I
In his exceptions and objection to acceptance of the referee's report,[4] Colon challenges the referee's finding that Colon worked an average of 41.1 hours per week between June of 1990, and January 4, 1991. Colon argues that his testimony established that he worked an average of forty-seven and one-half hours per week over the same period. Colon did not, however, file a motion to correct the referee's report as to the subject finding pursuant to Practice Book § 438.
A party's failure to file a motion to correct severely restricts his right to attack the subordinate factual findings made by the referee. Kowalsky Properties, Inc. v. Sherwin-Williams Co.,7 Conn. App. 136, 140, 508 A.2d 43 (1986). "Absent such a motion and a subsequent exception to the report, the trial court [is] limited to determining whether the subordinate facts [are] sufficient to support the ultimate factual conclusions."[5] Id. Hence, a failure to file a motion to correct with respect to a subordinate fact found by the referee constitutes a waiver of a party's right to challenge the subordinate fact. Bernard v. Gershman, 18 Conn. App. 652, 655,559 A.2d 1171 (1989).
The referee's finding as to Colon's average number of hours worked per week is a finding of a subordinate fact. Hence, Colon waived his right to challenge this finding by failing to submit to the referee a motion to correct the referee's report. Accordingly, the court accepts the referee's finding that Colon's average work week from June, 1990, to January 4, 1991, was 41.1 hours per week. CT Page 8783 See Dills v. Enfield, supra, 210 Conn. 714.
 II A.
NEROC's exceptions and objection to acceptance of the referee's report states seven "objections" concerning findings made by the referee. In fact, NEROC's pleading contains both exceptions to the referee's findings of fact, taken pursuant to Practice Book § 439 and an objection to a conclusion of fact made by the referee, made pursuant to Practice Book § 440. The court treats the exceptions, mislabeled as objections, as though they had been taken pursuant to § 439 and will apply the corresponding standard of review.
NEROC first takes exception to the referee's statement that the "[d]efendant submits no documentation to establish reprimands or warnings concerning alleged tardiness or problems with Mr. Colon's job performance." NEROC argues that it had no obligation to warn Colon about his tardiness or other job performance problems prior to terminating him and that therefore the court should not adopt the referee's finding.
The referee's observation was just that, a comment on the nature and weight of the evidence, not a finding. It may well be that this was not a case in which NEROC was obliged as a matter of law to present corroboration for its claims. Cf. Flynn v. Hinsley, 142 Conn. 257,263, 113 A.2d 351 (1955). "The trier [here, the referee] . . . weighs the evidence and decides its probative force." Perl v. Case,3 Conn. App. 111, 115, 485 A.2d 1331 (1985), cert. denied, 195 Conn. 803,491 A.2d 1103 (1985). "Since the defendant did not offer the corroborating evidence" noted by the referee, the referee was entitled to view the testimony adduced "in light of the maxim that all evidence is to be weighed according to the proof which it was in the power of one side to have produced and in the power of the other to have contradicted." Orico v. Williams, 139 Conn. 714, 718,97 A.2d 556 (1953). Since, in the context in which it is attacked, the referee's statement is not a finding, it is not subject to correction.
Moreover, even if the court were to treat the referee's remark as a finding, it would not be subject to correction. With the exception of a partial transcript of Colon's testimony, NEROC has failed to file with the court a "transcript of the evidence taken before the [referee]" as required by § 439. Nor does it appear from CT Page 8784 the court's file that the parties stipulated to omit any portion of the transcript. Therefore, NEROC's exception to the referee's statement as to the lack of warning directed to Colon from NEROC is overruled, and the court accepts the referee's statement.
 B
NEROC's second exception to the referee's report relates to paragraph three of his corrected finding which states in part: "Mr. Colon was terminated due to his inability to work and for seeking further worker's compensation benefits." In order to make such a finding, the referee would have had to determine that Colon had met his burden of proof as to the employer's intent pursuant to the three step burden shifting analysis articulated in Ford v. Blue Cross Blue Shield ofConnecticut, Inc., 216 Conn. 40, 578 A.2d 1054 (1990). In Ford v.Blue Cross Blue Shield of Connecticut, Inc., supra, the court stated "[t]he plaintiff bears the initial burden of proving by the preponderance of the evidence a prima facie case of discrimination. . . . In order to meet this burden, the plaintiff must present evidence that gives rise to an inference of unlawful discrimination. . . . If the plaintiff meets this initial burden, the burden then shifts to the defendant to rebut the presumption of discrimination by producing evidence of a legitimate, non-discriminatory reason for its actions. . . . If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted, and the factual inquiry proceeds to a new level of specificity. . . . The plaintiff then must satisfy her burden of persuading the fact finder that she was the victim of discrimination either directly by persuading the court [or jury] that a discriminatory reason more likely motivated the employer or indirectly by showing that the employer's proffered explanation is unworthy of credence." (Citations omitted; internal quotation marks omitted.) Id., 53-54. NEROC first step in the burden shifting analysis, that Colon failed to produce any evidence of NEROC's intent to discriminate. In addition, NEROC argues that it is not illegal to discharge an employee due to an inability to work.
There is no requirement that the trier make an explicit finding that the plaintiff has satisfied his initial burden of proving by a preponderance of the evidence a prima facie case of discrimination sufficient to give rise to an inference of unlawful discrimination. Even if the referee had made such a finding, it could not be tested since the defendant has failed to provide the court with all of the transcripts of the testimony at trial. For that reason, the court will not review this exception. CT Page 8785
NEROC's third exception to the referee's finding relates to the referee's determination that NEROC's discharge of Colon was "causally connected to the injury Mr. Colon received on the job and his further attempts to seek more time off on January 4, 1991." NEROC argues that the record does not support the referee's finding, and that even if the record did support the finding, the finding would not support Colon's cause of action pursuant to General Statutes § 31-290a.
The referee's finding is one of fact reviewable by the court in accordance Practice Book § 439.[6] Because NEROC did not supply the court with a copy of the transcript of the proceedings before the referee, the court is unable to find that the referee had insufficient evidence to make his finding. Moreover, that the referee made a finding of fact that may not bear directly on NEROC's intent in discharging Colon does not justify correcting the referee's report or striking the fact found. The court's function when rendering a judgment on a referee's report, pursuant to Practice Book § 443 is to "render such judgment as the law requires upon the facts in the report as it may be corrected." Any facts found by the referee that are not relevant to the legal issues before the court, even if accepted by the court, will not be considered when the court renders its judgment. Therefore, the referee's finding that Colon's discharge was causally connected to the injury he received on the job and his further attempts to seek time off on January 4, 1991 is accepted regardless of its relevance to Colon's cause of action.
NEROC's fourth exception concerns the referee's finding that "[b]etween January 4, 1991 and April 9, 1991 when Mr. Colon could have returned to work under doctor's orders and [sic] he would have worked 41.1 hours at $9.00 per hour for a total of thirteen weeks for a loss of $6,435.00." NEROC argues first that the evidence does not support a finding that Colon could have returned to work on April 9, 1991, and second that Colon is unable to collect back pay for a period of time during which he was unable to work due to injury.
The referee's finding that Colon could have returned to work on April 9, 1991, is a finding of fact reviewable pursuant to Practice Book § 439. Since the full record of the proceedings before the referee is not before the court, the court is unable to determine that no evidence existed to support the referee's finding. Therefore, the court accepts the referee's finding that Colon could have returned to work April 9, 1994.
It is unclear what the referee meant by finding a "loss" of CT Page 8786 $6,435.00. If the referee intended to suggest that Colon should recover back wages for a period during which he could not work because of injury, the referee must clarify his conclusion by making additional findings of fact. Under § 31-290a, a discharged employee is only entitled to lost wages for a period during which he was unable to work due to an injury suffered on the job if the employee would have been entitled to such wages had his employment continued.[7]
Hence, because the referee has found that Colon could have returned to work under doctor's orders on April 9, 1991, unless Colon would have been entitled to wages while he was disabled, any recovery for lost wages to which Colon is entitled would be calculated beginning with that date. The referee's finding does not indicate whether the suggested recovery during Colon's period of disability constituted lost wages or some other benefit to which Colon might have been entitled. Furthermore, neither the referee's finding nor the portion of the record contained in the court's file indicates whether Colon was eligible to receive lost wages or other benefits during his disability. Hence, the court is unable to determine what if any recovery Colon should receive without further findings of fact. On remand, the referee should make findings of fact as to what if any loss, sustained during Colon's disability, including lost wages, Colon experienced in connection with his work related injury.
NEROC's fifth and sixth exceptions to the referee's finding are moot because the referee's corrected finding has incorporated the substance of those exceptions.
NEROC's final exception relates to the referee's "award [of] attorney's fees pursuant to C.G.S. § 31-290a". NEROC argues that the referee exceeded his role as a finder of fact in awarding such fees.
Section 31-290a states in relevant part "any employee who prevails in such civil action shall be awarded reasonable attorney's fees and costs to be taxed by the court." In Ford v. Blue Cross andBlue Shield of Connecticut, Inc., supra, 216 Conn. 58-61 the court interpreted the word "court" as used in § 31-290a to mean the court, not the jury, with respect to an award of punitive damages. The same interpretation is warranted with respect to the statutory authority of the court to award attorney's fees and costs to a prevailing plaintiff under § 31-415 (1986). 290a. Although the powers of an attorney trial referee are not identical with those of a jury, since he presides over the trial, makes evidentiary rulings, and is entitled to prepare written conclusions of law, neither is such a referee's authorized to exercise the powers of a court. Seal Audio,Inc. v. Bozak, Inc., 199 Conn. 496, 502, 508 A.2d 415 (1986) CT Page 8787 ("[General Statutes] § 52-434(a) does not vest such a referee with the authority to exercise the powers of a court, which is given only to state constitutional referees on matters referred to them . . . ."). Such referees "have no power to render a judgment." E.I.Constructors, Inc. v. Scinto, 12 Conn. 348, 352, 530 A.2d 1081
(1987).
"The rules of practice governing procedure in matters referred to committees are also applicable to `state referees.' Practice book § 428. A committee is obliged to report to the court `the facts found and the conclusions drawn therefrom,' but the report may be supplemented with a `memorandum of decision including such matters as [the committee] may deem helpful in the decision of the case . . . .' Practice Book § 434. . . . Before judgment is rendered upon the report, an opportunity for a hearing before the court is provided for the purpose of considering any objections or exceptions to the report. Practice Book § 442. The function of the court is ordinarily to `render such judgment as the law requires upon the facts in the report as it may be corrected.' Practice Book § 443." Seal Audio,Inc. v. Bozak, Inc., supra, 199 Conn. 502-503.
Just as a trial court's findings are to be read to uphold the judgment; Bruno v. Civil Service Commission, 192 Conn. 335, 344,472 A.2d 328 (1984); so too should a trial referee's findings. Although the referee's statement that the plaintiff should recover attorney's fees is contained in the same document entitled "Corrected Trial Referee's Finding", this court treats the referee's statement as a recommendation such as would properly be included in a separate memorandum of decision of the referee. "We will not exalt form over substance." Wilton v. McGovern, 33 Conn. App. 517, 521, 636 A.2d 870
(1994). That recommendation will be considered by the court after the referee has made the additional findings for which the case is now remanded.
The case is remanded to the attorney trial referee to make further findings of fact in accordance with this opinion.
BY THE COURT
Bruce L. LevinJudge of the Superior Court