## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Virginia Electric and Power Co.

v.

Frederick A. Haycox, III, et al.

March 3, 1989

Case No. CL87-2743

By JUDGE H. CALVIN SPAIN

The Court has carefully reviewed the briefs by the petitioner concerning its Motion to Dismiss, the Reply Brief from the defendant, Kempsville Building Materials, Inc., and the various pleadings that have been filed by the parties in the above-captioned matter. The question presented is as follows:

> May a tenant (long-term lessee) be preempted from an evidentiary hearing on the subject of just compensation from a condemnor, where a landlord enters into an agreement with the condemnor as to the value of the land to be condemned?

In the instant case, Kempsville Building Materials, Inc., hereinafter called "Kempsville," is the tenant holding a long-term lease on certain real property in the City of Virginia Beach owned by Frederick A. Haycox,

III, et ux., hereinafter called "Haycox." The condemning authority is Virginia Electric and Power Company (predecessor to Virginia Power), hereinafter called "VEPCO." A Petition for Condemnation was duly filed in the Clerk's Office of the Circuit Court of the City of Virginia Beach on November 30, 1987.

The property subject to condemnation does not involve the taking physically of any of the structures erected by the tenant on the premises. The tenant contends that it has the legal right to participate in proving the value of the property to be taken and the damages, if any, to the residue. The thrust of the tenant's claim concerns the usability of the residual parcel based upon the present physical location of the structures placed thereon by the tenant.

Subsequent to the filing of the petition, Haycox and VEPCO have purportedly reached an agreement as to the value to be assigned to the land taken under the condemnation proceeding. The Court has been presented with a motion to confirm that valuation and to dismiss the Petition for Condemnation insofar as any further proceedings are concerned.

The statute that seems to be the subject of controversy is that of § 25-46.21:1 of the Code of Virginia. The specific language in question is as follows:

> Any tenant for a term expiring more than twelve months after the filing of a petition referred to in Section 25-46.7 may participate in the proceedings described in Section 25-46.21 to the same extent as his landlord or the owner
> . . . .

The argument then proceeds to the effect that Kempsville's rights are derivative of Haycox and hence Kempsville cannot proceed with any evidentiary hearing if Haycox settles the question of compensation for the condemnation with VEPCO. Counter argument is that such an interpretation of the law would "freeze out" the tenant.

It is important to note in this case that Kempsville never participated in any negotiations with VEPCO concerning any compensation that would settle the matter. Such negotiations were strictly between VEPCO and Haycox. It is also

important to note that the negotiations dealt with the value of the land to be taken and not the question of any damages to the residue.

The argument continues that, since Haycox is not proceeding with a hearing pursuant to § 25-46.21, Kempsville is thus preempted as to any rights. Reference has also been made to a number of other code sections, but the Court is of the opinion that the particular reference to § 25-46.16 is controlling. The applicable language is as follows:

> Any person *not already* a party to the proceedings whose property, or any interest or estate therein, is to be taken or damaged, or who claims that his other property, or any interest therein will be damaged as a result of the taking and use by the petitioner may, upon his petition for intervention filed by leave of court at any time prior to the beginning of the trial of the issue of just compensation, or, in the discretion of the court, at such other times during the pendency of the proceeding upon such terms and conditions as the court deems proper, considering all the circumstances at that time, be made a party to the proceeding and be permitted to assert any claim or defense then germane to the proceeding in accordance with the other provisions of this chapter upon such terms and conditions as the court deems reasonable and proper. [Emphasis added.]

What is interesting is that none of the parties have seen fit to review the Petition for Condemnation filed by VEPCO. It is interesting to note the style of that petition:

Virginia Electric and Power Co., )
a Virginia Corporation, )
 )
 )
 Petitioner ) Petition
 ) for
 v. ) Condemna-
 ) tion
Frederick A. Haycox, III, et al. )
and 0.782 Acres, More or Less, ) Law No. ---
of Land, Located in Virginia )
Beach, Virginia, )
 )
 Defendants )

Just who the defendants happen to be cannot be determined by the style of the case. However, with reference to Paragraph (5) on Page 3 of the Petition, the defendants become more clearly stated:

(5) The names and residences of the defendants who are owners of the property affected by the work described herein, or of some interest therein (the Owners), are the following:
*Parcel No. 5*: Frederick A. Haycox, III, and Sue C. Haycox, his wife, 1656 Bay Point Drive, Virginia Beach, Virginia 23454, and Kempsville Building Materials, Inc., Leasee [sic], 104 North Witchduck Road, Virginia Beach, Virginia 23462.

Now any logical reading of Paragraph (5) can only lead one to the conclusion that Kempsville is in fact a named defendant in the Petition and classified by VEPCO as an owner. Thus, being a party, Kempsville does not need to, nor has it, filed a Petition for Intervention. In light of § 25-46.16 and the language of the petition, the Court is at a loss as to how VEPCO can reach an agreement with Haycox that would be binding upon the tenant, where the tenant, Kempsville, has not participated in such settlement and demands to be heard on its claim of damage to the residue (use of the structures on the residual parcel). Of course, if VEPCO wishes to settle with Haycox, so be it. However, VEPCO would be proceeding with the

settlement at its own risk. Kempsville is entitled to be heard on its damage claim, even if claim is ultimately shown to be frivolous. Apparently, the purported settlement deals only with the value of the land actually taken. If it includes any damages, then Haycox may also be at risk.

It should be noted for the record that Kempsville was served with copies of the Petition, Notice of Condemnation and Lis Pendens in a proper manner and, thereafter, did file responsive pleadings to the Petition.

Accordingly, VEPCO's Motion to Dismiss will be denied. An appropriate order should be drafted in this matter, but the Court is unable to advise as to any further specifics in that the settlement between VEPCO and Haycox may very well have been conditioned upon the same being binding upon Kempsville.