# CIRCUIT COURT OF THE CITY OF ROANOKE

City of Roanoke
Redevelopment and
Housing Auth.

v.

William D. Stegall
and Maeona M. Stegall

October 1, 2010

Case No. CL08002464-00

By JUDGE CHARLES N. DORSEY

This matter is before the Court on petitioner's motion to dismiss this condemnation proceeding. Petitioner requests this case be dismissed in accordance with Va. Code § 25.1-248. For the reasons that follow, the Court, after having considered the pleadings, the relevant case law, and the arguments of counsel, denies petitioner's motion to dismiss this proceeding.

*Facts*

William D. Stegall and Maeona M. Stegall own a 3.795 acre parcel of land located in the City of Roanoke. The Lamar Company, L.L.C., erected and maintains a billboard positioned on this piece of property in such a manner that it is visible from I-581. Lamar has a long term lease agreement with the Stegalls permitting Lamar to erect and maintain this billboard. The current lease expires in December 2016 and thereafter continues from year to year absent written notice of non-renewal. The lease provides that any condemnation award for Lamar's property shall accrue to Lamar.

In November of 2008, the City of Roanoke Redevelopment and Housing Authority (RRHA) initiated this condemnation action against the Stegalls seeking to condemn the full fee simple interest in the property. In early 2010, Lamar, in accordance with Va. Code § 25.1-221, intervened in this proceeding to protect its property interest.

Since then, RRHA and the Stegalls have entered a Memorandum of Settlement providing that RRHA will dismiss this condemnation proceeding

pursuant to Va. Code § 25.1-248, and thereafter the Stegalls will convey the property to RRHA in exchange for $2,900,000. The conveyance will specifically recite that the transaction is made under threat of condemnation. Additionally, RRHA agrees to assume the existing lease between Lamar and the Stegalls.

Pursuant to the Memorandum of Settlement, RRHA moves to dismiss this proceeding in accordance with Va. Code § 25.1-248.

Lamar, as a defendant to this suit, responds that this motion to dismiss the proceeding should not be granted. Lamar alleges that, had the property remained privately owned, the lease would have been renewed indefinitely, but now that the property is being acquired by RRHA, Lamar's expectation for further renewals is diminished and damaged. This damage, claims Lamar, entitles it to further court action determining what, if any, compensation RRHA, or the Stegalls, should pay Lamar.

## Analysis

The property subject to condemnation is the fee simple 3.795 acres currently owned by the Stegalls. To acquire the property from the Stegalls, RRHA will take the property subject to the lease held by Lamar. RRHA intends to honor this lease, and, thus, Lamar will continue to have rights in the property. These rights, springing from the long term lease, include ingress and egress and the right to erect and maintain personal property on the land, and prove that Lamar holds an interest in the condemned property.

RRHA has filed this motion pursuant to Va. Code § 25.1-248.

> If a hearing has not begun in the trial of the issue of just compensation for the taking or damaging of property and the petitioner has not already acquired the title or a lesser interest or estate in, or taken possession of, such property, the petitioner may upon motion obtain, *as a matter of right,* an order dismissing the proceeding as to such property. Such order shall also provide, except as may be provided otherwise in a settlement by agreement of the parties, that the petitioner shall pay such owner or owners their reasonable expenses that have been actually incurred by them in preparing for the trial on the issue of just compensation, in such amounts as the court deems just and reasonable.

Va. Code § 25.1-248 (emphasis added).

RRHA argues that it may dismiss this action as a matter of right conditioned only upon reimbursing the owners for their expenses incurred in preparing for trial. This action would deny Lamar, who intervened under

Va. Code § 25.1-221, its statutory right under Va. Code § 25.1-234 to be heard.

> A. Any tenant under a lease with a term of 12 months or longer may participate in the proceedings to determine just compensation to the same extent as his landlord or the owner, if, not less than 10 days prior to the date for the trial of the issue of just compensation, such tenant shall file his petition for intervention, in the manner provided in § 25.1-221. Such petition for intervention shall include (i) a verified copy of the lease under which he is in possession and (ii) an affidavit by the tenant or his duly authorized agent or attorney, stating:
> 1. That he claims an interest in the award; and
> 2. That he desires to offer admissible evidence concerning the value of the property being taken or damaged.

Va. Code § 25.1-234.

It is a fundamental rule of statutory construction that "every part of an act is presumed to be of some effect and is not to be treated as meaningless unless absolutely necessary." *Raven Red Ash Coal Corp. v. Absher*, 153 Va. 332, 335, 149 S.E. 541 (1929). If petitioner, as it here claims, could negotiate with only one defendant ignoring any tenants intervening pursuant to Va. Code § 25.1-221, and then, as a matter of right, dismiss the condemnation proceeding pursuant to Va. Code § 25.1-248, Va. Code § 25.1-234 would be nugatory and the intervening defendant's right to be heard circumvented. Such an interpretation "violates a fundamental rule of construction." *Id.* Petitioner's action would freeze out tenants and prevent them from being heard in court. Va. Code § 25.1-234 is intended to allow intervening tenants to "participate in the proceedings . . . to the same extent as . . . the owner." Va. Code § 25.1-234. Lamar has not had this chance, and to grant petitioner's motion would deny it this right granted under Va. Code § 25.1-234. To give meaning to Va. Code § 25.1-234, Va. Code § 25.1-248 must give way in these circumstances.

Alternatively, RRHA, in its pleadings, states that it has reached an agreement with the Stegalls and will purchase the property after dismissing the suit. This agreement is a legally enforceable contract granting RRHA the right to purchase the property. RRHA's right can be enforced by law, and, therefore, RRHA has an interest in the property. RRHA's interest in the property is the inchoate right to execute a legally binding contract and acquire title to the property. This legally binding interest is a "lesser interest" included in Va. Code § 25.1-248. *Trout v. Commonwealth Transportation Commissioner*, 241 Va. 69, 71, 400 S.E.2d 172 (1991) (denying petitioner's motion to dismiss a suit where petitioner had acquired defeasible title to the property because this constituted an interest as included in the statute).

Because RRHA has acquired a lesser interest in the property, it cannot use Va. Code § 25.1-248 to dismiss this suit. *Id.* at 74 ("[The Act] makes no provision for such a dismissal after the condemnor has acquired an interest in, or possession of, the property.").

## Conclusion

The Court finds that Va. Code § 25.1-248, when taken in context, does not apply here. Other Virginia circuit courts have reached the same holding in similar cases. *Virginia Electric & Power Co. v. Haycox*, 17 Va. Cir. 87, 90 (1989) ("The Court is at a loss as to how VEPCO can reach an agreement with Haycox that would be binding upon the tenant, where the tenant Kempsville, has not participated in such settlement and demands to be heard on its claim of damage."). Va. Code § 25.1-248 is tailored to, and suited for, unilateral dismissal of the condemnation procedure where petitioner is foregoing its action to condemn. Petitioner's dismissal, "as a matter of right," cannot be used as a tool to deny an intervener's right to be heard as defined in Va. Code § 25.1-234.[1] In such a case as this, where two defendants are involved, dismissal at this stage is not appropriate, and RRHA has a "lesser interest" by virtue of its inchoate or executory contract right. For this reason, the Court denies petitioner's motion to dismiss the case.

---

[1] Even the nonsuit statute, Va. Code § 8.01-380, which also permits the first nonsuit to be taken "as a matter of right," contains "a number of limitations on that right." *McManama v. Plunk*, 250 Va. 27, 458 S.E.2d 759 (1995).